# Jones *v.* Adkins, *et al.*

## *Assumpsit.*

(Decided May 19, 1907. 44 South. 53.)

1. *Appeal; Assignments of Error;Form.*—An assignment that the court errer in its rulings on the evidence is too general to present for review the action of the trial court thereon; the office of an assignment is to point out the error complained of.

2. *Pleading; Issue; Evidence.*—Where the only issue in the case was the appointment vel non of an administrator, the court properly restricted the evidence to the questions so raised.

3. *Pleading; Record; Instruction.*—Unless set out in the bill of exceptions the action of the trial court as to the granting or refusal of the charge requested cannot be reviewed.

APPEAL from Walker Circuit Court.

Heard before Hon. A. H. ALSTON.

Assumsit by Jones as administrator, etc., against C. R. Adkins and others. From a judgment for plaintiff defendants appeal. Affirmed.

SHERER & COONER, and J. D. ACUFF, for appellant.— The introduction of plaintiff's letters of administration without objection was conclusive of his right to maintain this suit.—Section 77, Code 1896; *Sands v. Hickey*, 135 Ala. 322; *Johnson v. Keyser*, 127 Ala. 309; *Morgan v. Casey*, 73 Ala. 222; *Tarver v. Boykin*, 6 Ala. 358; 91 U. S. 238. The appointment of an administrator cannot be collaterally attacked.—*Coltart v. Allen*, 40 Ala. 155; *Lankford v. Dunklin*, 71 Ala. 603; *Bean v. Chapman*, 73 Ala. 140; *Kling v. Connell*, 105 Ala. 590.

BANKHEAD & BANKHEAD, for appellee.—There is nothing in the record proper upon which error can be assigned, as there is no judgment of the court adverse to the appellant shown by the minute entry.—*Jasper Merc. Co. v. O'Rear*, 112 Ala. 247; *Ferral v. City of Opelika*, 39 South. 249. In order to be considered, requested charges must be set out in the bill of exceptions.—*Dannelly v. The State*, 130 Ala. 134; *Lunsford v. Bailey*, 38 South. 362; *Ala. Const. Co. v. Wagnon*, 137 South. 390. The issuance of letters of administration is a ministerial act.—*Glover v. Lyon*, 57 Ala. 365; *Hosey v. Brasher*, 8 Port. 559; *Eslava v. Elliott*, 5 Ala. 262; *Clemens v. Wilson*, 40 Ala. 223. The ruling upon pleadings cannot be considered, as they are not shown by the record proper. —*Wright v. The State*, 136 Ala. 139.

DOWDELL, J.—There are four assignments of error on the record. The first assignment is as follows: "The court erred in its rulings on the evidence." This assignment is general, and will not, therefore, be considered. The office of an assignment of error is to specifically point out the error complained of. The second assignment of error is likewise general, and subject to the same condemnation as the first.

The cause was tried on issue joined on the defendant's second plea, and on this single issue was without objection submitted to the jury. The second plea was as follows: "For further answer the defendants say that plaintiff has not been duly appointed as administrator of the estate of Ben Jones, deceased." The plaintiff took issue on this plea, and, this being the only issue, the court did not err in "restricting the evidence to this issue." This disposes of the third assignment of error.

The action of the trial court in the giving and refusal of charges requested in writing will not be reviewed on appeal, unless such charge or charges are set out in the bill of exceptions, and consequently the fourth and last assignment of error is not well founded.—*Dannelley v. State,* 130 Ala. 134, 30 South. 452; *Lunsford v. Bailey,* 142 Ala. 310, 38 South. 362.

We find no reversible arror in the record, and the judgment appealed from will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.