# Taxicab & Touring Car Co. *v.* Cabaniss.

## *Damage for Injury by Collision.*

(Decided November 18, 1913.  63 South. 774.)

1. *New Trial; Grounds; Preponderance.*—Where the evidence is in serious conflict, and there is no such preponderance against the verdict as to render it palpably unjust, the appellate court will not put the trial court in error for overruling a motion for new trial.

2. *Negligence; Complaint; Sufficiency.*—In an action for injuries in an automobile accident, a complaint charging wanton negligence to the servants or agents of defendant in general terms, without particularizing in what it consisted, is sufficient under the rule in this state.

3. *Same; Defense; Contributory Negligence.*—Contributory negligence affords no defense to an action for injury from wanton or willful negligence.

4. *Appeal and Error; Harmless Error; Evidence.*—Where a witness stated that it was his best judgment that plaintiff's back was turned to defendant's automobile when it collided with plaintiff's bicycle, and that the two were going in a certain direction, it was harmless error for said witness to testify that in his opinion those were the facts about the matter.

5. *Municipal Corporation; Speed Ordinances; Automobile · Accident; Proximate Cause.*—Where the evidence was not disputed that the accident occurred within the limits of a city which by ordinance limited the speed of automobiles to ten miles an hour, and there was evidence that the automobile at the time of the accident was being operated or driven at the rate of twenty-five or thirty miles an hour, the question as to whether the negligent operation of the automobile in violation of the municipal ordinances was the proximate causes of the injury, was for the jury.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by M. H. Cabaniss against the Taxicab & Touring Car Company for damages for injury alleged to have resulted from a collision between plaintiff on his bicycle, and an automobile of defendant. Judgment for plaintiff, and defendant appeals. Affirmed.

STALLINGS & DRENNEN, for appellant. The court erred in overruling motion for new trial, as the evidence greatly preponderated against the verdict.—*Cobb v. Malone,* 92 Ala. 630; *Teague-Barnett & Co. v. Bass,* 131 Ala. 422; *Davis v. Miller,* 109 Ala. 589; *Mary Lee C. & Ry. Co. v. Chambliss,* 97 Ala. 180; *Bir. E. Ry. Co. v. Clay,* 108 Ala. 236; *Peoples S. B. & T. Co. v. Keith,* 136 Ala. 472. Counsel discuss the assignments of error relative to the pleading and the evidence, but without further citation of authority.

GOODWYN & ROSS, for appellee. The evidence was seriously conflicting and there was no such preponderance against the verdict as to render it palpably unjust. Therefore, the court cannot be put in error for overruling the motion for new trial.—*Cobb v. Malone,* 92 Ala. 630. The 3rd count was sufficient to charge wantonness, and the pleas of contributory negligence were not answers to such counts.—*A. G. S. v. Williams,* 37 South. 355; *L. & N. v. Orr,* 121 Ala. 489; *Markee's Case,* 103 Ala. 160. Under the evidence in this case it was a question for the jury as to whether the automobile was exceeding the speed limit fixed by the city ordinance, and as to whether that was a proximate cause of the injury. —*B. R. L. & P. Co. v. Fuqua,* 56 South. 578.

PELHAM, J.—We consider the errors insisted upon in the order of their assignment and treatment in brief of counsel for appellant.

The insistence made through assignments 1 and 2 is that the court erred in overruling the motion of appellant, who was the defendant in the court below, to set aside the verdict and grant the defendant a new trial because the verdict was contrary to the evidence or the weight or preponderance thereof. The evidence set out

in the bill of exceptions as it appears to us upon a careful reading, is in serious conflict; but there is evidence to support the verdict and no such weight or preponderance in favor of the defendant's contention as would justify this court in exercising the authority of an appellate court to put the trial court in error for overruling the motion and sustaining the verdict, without doing violence to a proper observance of the presumption of correctness attaching to the verdict and holding of the trial court under the rule of law announced in *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, and followed in all of the later decisions.

The third, fourth, fifth, and sixth assignments of error all relate to the action of the court in sustaining the demurrers interposed by appellee to the second, third, and fourth pleas of appellant as an answer to the third count of the complaint. All of the pleas referred to were pleas setting up contributory negligence on the part of the plaintiff. In view of the well-established rule under the decisions in this state that willfulness or wantonness may be averred in very general terms, amounting to little if at all more than the mere conclusion of the pleader, and that it is not necessary to particularize in what the wantonness or willfulness consisted, the ascription of the injury, in terms, to the "wanton negligence" of the defendant's servants or agents in the third count of the complaint, is a sufficient charge of willfulness or wantonness, and the pleas of contributory negligence to which demurrers were sustained would be no answer to this count of the complaint, counting upon wanton negligence and attributing the injury to such conduct on the part of defendant's employees.—*L. & N. R. R. Co. v. Orr, Adm'r,* 121 Ala. 489, 498, 26 South. 35; *Bradley v. L. & N. R. R. Co.,* 149 Ala. 545, 42 South. 818; *So. Ry. Co. v. Weatherlow,* 153 Ala. 171, 44 South.

1019; *M. & C. R .R. Co. v. Martin, Adm'r,* 117 Ala. 367, 23 South. 231.

The seventh assignment of error is based on the action of the court in not excluding the statement of the witness Smithson to the effect that it was his "opinion" that the plaintiff had his back turned to the automobile when it struck his bicycle, and giving the direction in which the parties were going at the time as an opinion. This statement that it was the opinion of the witness was immediately followed and qualified by the witness' statement that it was his best judgment of the matter, and reversible error cannot be predicated on such ruling.

The only other error assigned (the eighth) goes to the refusal of the court to give the general charge for the defendant on the second count of the complaint. This count of the complaint sets up an ordinance of the city of Bessemer regulating the operation of automobiles and providing, among other requirements, that the speed at which they shall be run shall not exceed 10 miles an hour. The injuries suffered by plaintiff are alleged in this count to have been the proximate consequence of the negligent running of the automobile in violation of said ordinance. There was no conflict in the evidence that the injury occurred in the corporate limits of the city of Bessemer. The ordinance was introduced in evidence without objection, and there was testimony given by some of the witnesses that the automobile was being driven at the rate of 25 to 30 miles an hour at the time of the collision between it and the bicycle on which the plaintiff was riding. Under this state of the proof, it was a question for the jury as to whether or not the negligent operation of the automobile in violation of the ordinance as testified to by some of the witnesses was the proximate cause of the injury, and

[Coffman v. Henderson.]

the court properly refused the general charge requested by the defendant as to this count of the complaint.

Affirmed.