[Farmers Mutual Insurance Association of Ala. v. Tankersley.]

# Farmers Mutual Insurance Association of Ala. *v.* Tankersley.

## *Assumpsit.*

(Decided June 30, 1915.   Rehearing denied July 19, 1915.
69 South. 410.)

1. *Insurance; Fire; Cancellation.*—Where the Mutual fire policy provided that the contract might be terminated at the request of the member in all cases where the premium or the premium note had been paid, in which case the association should retain the expense of writing the risk and the customary short rates, and also provided that the association might terminate the contract at any time by notice to that effect, and in such event it should return the unearned premium, and the member had not paid the premium notes, a cancellation could only be effected by special agreement with the association, but the association could not cancel the policy without giving the notice provided in the contract.

2. *Appeal and Error; Harmless Error; Pleading.*—Where defendant's plea setting up cancellation was insufficient, but demurrer thereto was overruled, defendant cannot complain that a proper issue was raised by the replication.

3. *Insurance; Fire; Defenses.*—Where the policy contained a clause that if the property was encumbered, it avoided the policy and when the insured noticed the clause he returned the policy with the ordinary "lost payable clause" providing that the insurance should be paid to a bank as mortgagee, and requested insurer to make the necessary entries, and insurer returned the policy after unpinning the mortgage clause, but without further comment, and agent of insurer had notice of the mortgage, the insurer waived the right to claim a forfeiture on that ground.

4. *Same; Acts of Agent.*—Where the agent of insurer had knowledge that the property was encumbered, but concealed that fact from the insurer, the insurer is charged with the agent's knowledge, and cannot avoid the policy under a clause forfeiting the policy if the property should be encumbered.

5. *Pleading; Rejoinders; Striking.*—Where defendant's rejoinders to plaintiff's replication were mere copies of its pleas, the rejoinders were properly stricken.

6. *Appeal and Error; Assignment; Sufficiency.*—An assignment is too general which complains that the court erred in overruling defendant's objection to the testimony of insured as to a conversation he had with the agent of the insurer.

7. *Same; Showing Error.*—Under rule 45, Supreme Court Practice, a judgment will not be reversed on account of the erroneous admission of evidence, where it does not appear that the party complaining was injuriously affected thereby.

[Farmers Mutual Insurance Association of Ala. v. Tankersley.]

8. *Insurance; Fire; Authority of Agent.*—Where the insured received a letter in due course of mail signed by one styling himself as President of the Insurer's Association, and referring to a special agent, who had been attempting to induce insured to return his policy, such fact warranted the admission of evidence that insured, who thereafter notified the company that he had decided to cancel his policy, later notified the agent that he had changed his mind.

9. *Evidence; Best and Secondary.*—A letter is the best evidence of its contents, and secondary evidence of such a letter, sent to the defendant, is not admissible until plaintiff has made a demand on defendant to produce the letter.

10. *Appeal and Error; Harmless Error; Evidence.*—The improper admission of secondary evidence of the contents of a letter, offered for the purpose of showing that notice of loss was given to the insurer, is harmless, where the proofs of loss, and a letter written by the insurance adjuster, which were received in evidence, showed that insurer had received such notice.

11. *Evidence; Presumptions; Mail.*—There is a presumption of law that the postal authorities deliver registered mail, and that the person who signs a receipt have authority; hence, the returned postal registry receipt is admissible in evidence.

12. *Insurance; Policies; Proof of Loss.*—Where insurer receives proof of loss occasioned by fire, and retains such proof without objection, it waives the right to question the sufficiency of the proof.

Appeal from Coosa Circuit Court.

Heard before Hon. S. L. Brewer.

Action by J. W. Tankersley against Fermers' Mutual Insurance Association of Alabama, upon a fire policy. Judgment for plaintiff, and defendant appeals. Affirmed.

Strother & Nolan, for appellant.

George A. Sorrell, for appellee.

BROWN, J.—This is an action on policy of fire insurance issued by the defendant to the plaintiff insuring the plaintiff's dwelling and articles therein against loss by fire. The complaint contains but one count, which is in Code form. To this count the defendant interposed the general issue and ten special pleas setting up in varying form and phraseology: (1) That the pol-

icy was canceled by the defendant at the plaintiff's request before the loss occurred; (2) representations made by the plaintiff that the unincumbered title to the property was in the plaintiff, when in fact there was a mortgage on it held by the Alexander City Bank; and (3) failure of the insured to file proof of loss in accordance with the terms of the policy. The plaintiff by special replication to the pleas setting up the cancellation of the policy, and in avoidance of that defense, set up that after the plaintiff had returned the policy direct to the defendant, requesting its cancellation, one Walton, a special agent of the defendant, came to the plaintiff about said policy and "persuaded him to keep his policy, which he agreed to do provided the policy was returned at once;" that thereafter the defendant returned the policy accompanied by a letter in these words: "We take pleasure in returning the above-numbered policy as per request of our special agent Mr. Walton, who advises that you have decided to retain same. We wish to thank you for decision to keep your insurance, and assure you that you have made no mistake; and should an accident occur to your property, we will give you just and honorable treatment."

This letter was dated March 20, 1913, and was received by the plaintiff on March 22, 1913, but on March 21st, as shown by the replication, before the plaintiff received this letter returning the policy, he sent the defendant another letter, demanding the cancellation of the policy and requesting the return to him of the unearned premiums, and his unpaid notes not yet due, which was mailed to the defendant at its home office, Memphis, Tenn., postage prepaid, on March 21, 1913; that after receiving the policy with letter above quoted he notified Walton in person that he would retain the

policy; that the defendant did not reply to the letter of March 21, 1913; that it retained the premiums and the notes given for premiums, and gave no notice of cancellation of the policy.

(1) The clause of the policy relied on as the defendant's authority to cancel the policy on plaintiff's request is this: "This contract may be terminated at the request of the member in all cases where the premium or note given for premium has been paid, in which case the association shall retain the expense of writing the risk, and the customary short rates from the date of the contract up to the time it is terminated. The association may terminate this contract at any time by giving notice to that effect, and in such event it shall return the unearned premiums."

The notes given for the premiums not having been paid by the plaintiff, the plaintiff, had no right under this clause to demand the cancellation of the policy, and could not cancel it without an express agreement with the insurer. The insurer had a right to ignore, as it apparently did, the demand of the insured to cancel the policy.

The plaintiff not having the right to demand the cancellation of the policy, because of the fact that the notes given for the premium were not paid, the cancellation under these conditions could only be effected by special agreement of the parties, and such special agreement could not arise or be inferred from the failure of the defendant to respond to the demand of the plaintiff. To effect such special agreement required that the proposition of the plaintiff to cancel be accepted and the unearned premiums and notes returned as embodied in the proposition.—*Lakeside Co. v. Dromgoole,* 89 Ala. 505, 7 South. 444; *Hart v. Bray,* 50 Ala. 446; *Cham-*

*bliss v. Smith,* 30 Ala. 366; *Sanford v. Howard,* 29 Ala. 684, 68 Am. Dec. 101; *Hodges v. Sublett,* 91 Ala. 588, 8 South. 800; *Hammond v. Winchester,* 82 Ala. 470, 2 South. 892.

Under this clause in the policy the insurer could not cancel the policy without notice to the insured and a return of the unearned premiums and premium notes. —*Insurance Co. v. Raden,* 87 Ala. 311, 5 South. 876, 13 Am. St. Rep. 36; *Savage v. Phoenix Ins. Co.,* 12 Mont. 458; *Farnum v. Phoenix Ins. Co.,* 83 Cal. 246, 23 Pac. 869, 17 Am. St. Rep. 233; *Taylor v. Ins. Co.,* 25 Okl. 92, 105 Pac. 354, 138 Am. St. Rep. 906.

(2) While it was essential to a good plea setting up cancellation that it state facts showing the right of the insured to cancel the policy, or a special contract between the parties founded on sufficient consideration, or the right of the insurer to cancel and a return of the unearned premiums, yet the defendant has no ground to complain, after demurrer overruled, that a correct issue is presented by replication. There was no prejudicial error in overruling the demurrer to the third special replication.

(3) To the defendant's pleas setting up misrepresentations of the plaintiff in application for the insurance as to the character of his title to the property insured, the plaintiff replied in the sixth replication that, after he received the policy and noticed the clause avoiding the policy if the property was incumbered, he returned the policy to the defendant with the ordinary "loss payable clause" providing that the insurance in case of loss be paid to the Alexander City Bank, as mortgagee, as its interest might appear, and requested the defendant to make the necessary entry in compliance with the facts stated therein; that the defendant unpinned the

mortgage clause and returned the same with the policy, without comment. And, in the eleventh replication it is averred that the defendant's agent Walton, who solicited the insurance, filled out the application; that at the time the application was filled out plaintiff stated to the defendant's said agent that the Alexander City Bank had a mortgage on the property for $1,500, and, notwithstanding this information given by the plaintiff to said agent in response to the question as to incumbrances on the property, he inserted the answer, "No;" and that when plaintiff signed said application he did not know but that the answer was written as given by him to said agent, the said Walton stating that he had filled out the application according to the information given.

If, as averred in the sixth replication, actual notice was given the insurer that the property was mortgaged before the loss occurred and the policy delivered to it for insertion of the proper mortgage clause, it had the option to insert this clause as requested by the insured or cancel the policy and return the unearned premiums, but it could not return the policy to the insured and continue it in force and retain the benefits resulting from the premiums earned, and yet in case of loss insist upon the misrepresentation as to the incumbrance as a defense. By its conduct in returning the policy without cancellation or change, it is estopped from making this defense, as by this act it impliedly at least elected to waive the defense and continue the policy in force. —19 Cyc. 789, 790; *Alabama State Mutual Assurance Co. v. Long Clothing & Shoe Co.*, 123 Ala. 667, 26 South. 655.

(4) The averments of the eleventh replication are meager as to the character of Walton's agency, and as

to his right to bind the defendant in the matter of taking the application for the insurance; but this point is not taken by the demurrer to this replication. It sufficiently appears from this replication that the plaintiff was not guilty of making fraudulent representations as to the character of his title, but that the concealment was on the part of the defendant's agent who solicited the insurance and took the application.

"In such cases the defendant will not be permitted to take advantage of the wrongful acts or misconduct or mistakes of its own agent and avoid the policy."— *Williamson v. New Orleans Ins. Co.,* 84 Ala. 106, 4 South. 36; *Phoenix Ins. Co. v. Copeland,* 86 Ala. 551, 6 South. 143, 4 L, R. A. 848; *Brown v. Commercial Ins. Co.,* 86 Ala. 189, 5 South. 500; *Western Ins. Co. v. Stoddard,* 88 Ala. 606, 7 South. 379; *Triple Link Ass'n v. Williams,* 121 Ala. 138, 26 South. 19, 77 Am. St. Rep. 34: *Pope v. Glen Falls Ins. Co.,* 130 Ala. 359, 30 South. 496.

The tenth and eleventh replications were not subject to the objections pointed out by the demurrers.

The demurrers to the eighth replication were properly overruled.—*Central Ins. Co. v. Oates,* 86 Ala. 568, 6 South. 83, 11 Am. St. Rep. 67; *Insurance Co. v. Ogburn,* 175 Ala. 357, 57 South. 852, Ann. Cas. 1914D, 377.

(5) The first, second, third, and fourth rejoinders undertook to set up matters contained in the alleged application for insurance not set out in the pleadings nor in the rejoinders, by mere reference to the application, which is not permissible, and they were properly stricken on motion of the plaintiff. The fifth rejoinder was but mere repetition in effect of one of the defendant's pleas, and the court did not err in granting the plaintiff's motion to strike.

(6) The eighth assignment of error is as follows: "The court erred in overruling defendant's objection to the testimony of J. W. Tankersley as to the conversation he had with Mr. Walton.—Record, p. 28."

The only statement testified to by plaintiff with Walton set out on this page was, "I told him the policies wasn't like I bought them." This assignment of error is too general, as has been repeatedly held, to invite consideration.—*Wade Smith v. The State, infra,* 69 South. 406; *Jones v. Adkins,* 151 Ala. 316, 44 South. 53; *Mobile Co. v. Bromberg,* 141 Ala. 258, 37 South. 395; *Driver v. King,* 145 Ala. 585, 40 South. 315.

(7) Furthermore, no prejudice is shown by this remark of the witness, and for its admission, even if it was improper, the judgment would not be reversed.— Rule 45 (175 Ala. xxi, 61 South. ix).

(8) In connection with the evidence showing that the policy sued on was placed in an envelope addressed to the defendant and that it was deposited in the United States mails, postage prepaid, previous to March 20, 1913, that the policy was returned to the plaintiff through the mails accompanied by the letter written on the stationery of the defendant and signed by "R. M. Henry, President," the same person who signed the policy of insurance, the letter accompanying the policy when it was returned to the plaintiff was properly admitted in evidence.

The testimony of the plaintiff showed that Walton came to him representing that he was acting for the defendant, to induce plaintiff to withdraw his notice to cancel the policy and retain the policy, and the letter of March 20th purporting to have been written by the defendant's president, Henry, refers to Walton as "our special agent Mr. W. I. Walton." This was sufficient

as a predicate to justify the admission of the testimony of the plaintiff that he notified Walton after receiving this letter that he had decided to keep the policy, and in refusing to exclude this testimony.

(9, 10) The court erred in allowing Tankersley and Brown to testify to the contents of the letter mailed to the defendant on April 14, 1913. This letter was presumably in the possession of the defendant and was the best evidence of its contents, and before secondary evidence was admissible the defendant should have been given notice to produce the original. However, this testimony was to the effect that it was stated in that letter that the house was destroyed by fire April 13, 1913, and was a total loss, and its only purpose was to show notice of the loss to defendant. The original proof of loss furnished by the plaintiff to the defendant was produced in court by the defendant, together with the letter accompanying it signed by the adjuster, Fuquay, showing the same facts, and no prejudice could have resulted from the admission of the testimony as to the contents of the letter.

(11) It was not error to admit the return postal registry receipt. The presumption of law is that the postal authorities delivered the registered letter to the defendant and that the person who signed the defendant's name had proper authority.—Jones on Ev. § 45.

There was no error in overruling the defendant's objection to the original letter attached by the defendant to the answers to the interrogatories. There was no dispute that it was the original letter, nor that it accompanied the proof of loss when that proof was mailed to the defendant.

(12) The statement in the oral charge of the court, to the effect that if the defendant received the proof

of loss and retained it without objection as to its sufficiency this was a waiver of further proof, was sound. —*Central Ins. Co. v. Oates,* 86 Ala. 568, 6 South. 83, 11 Am. St. Rep. 67; *Insurance Co. v. Ogburn,* 175 Ala. 357, 57 South. 852, Ann. Cas. 1914D, 377.

Under the evidence in the case, it was a question for the jury whether plaintiff had been guilty of fraud in procuring the insurance in that he concealed the fact of the incumbrance on the property, and the affirmative charge and charge 4 were properly refuesd.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.