(103 So. 894)

### ST. LOUIS & S. F. RY. CO. v. DENNIS.
(6 Div. 313.)

(Supreme Court of Alabama. April 9, 1925.)

1. **Railroads ☞394(6) — Count for wanton striking by train while "on or near" track sufficient.**

Count charging that deceased was wantonly struck by defendant's train while he was "on or near" track held sufficient.

2. **Negligence ☞112—Wanton negligence may be pleaded without setting forth facts showing wantonness.**

A count, without setting forth facts showing wanton misconduct, may allege that injury was wantonly inflicted.

3. **Negligence ☞136(10)—On conflicting evidence, general charge properly refused.**

There being evidence tending to prove wanton and subsequent negligence counts, and evidence thereon being in conflict, court properly refused general affirmative charge, and submitted them to jury under general issue.

4. **Trial ☞203(1)—Charge may state contentions and theories of parties from evidence.**

Under Code 1907, § 5362, charge may state to jury the contentions and theories of the parties from the evidence.

5. **Appeal and error ☞438—After filing and approval of appeal bond, trial court without jurisdiction of motion for new trial.**

Defendant, by filing appeal bond and having it approved by the clerk, removed the case from trial court, so that it had no jurisdiction of motion for new trial filed the next day.

6. **Trial ☞252(9)—Requested charge, denying recovery under wanton negligence count unless injury was at crossing, properly refused.**

Charge denying recovery under wanton negligence count for killing of deceased by defendant's train, unless it was on road crossing, and engineer knew of its frequent use, held properly refused, in view of evidence that he was struck, while walking along path between rails, some distance from crossing, under circumstances showing wanton negligence.

7. **Railroads ☞397(5)—Public use of path along railroad relevant to question of wanton negligence.**

That a path along and between rails in incorporated town, where deceased was killed by train, had for several years been used by general public in going to and from a pasture and creek, could be considered by jury on issue of wanton negligence by failure to keep lookout or give warning signal.

8. **Railroads ☞400(15) — Wanton negligence held for jury, whether person was struck by train at crossing or while walking on track.**

Whether enginemen were guilty of wanton negligence in injuring deceased, whether he was struck while crossing track at public crossing in incorporated town, or while walking towards crossing on path between rails, held for jury.

9. **Trial ☞253(9)—Requested charge held bad in ignoring evidence.**

Charge requiring finding for defendant unless jury were satisfied that deceased was injured by negligence of enginemen after discovering him on the track, held bad in ignoring evidence that he was wantonly injured by defendant's servants while attempting to cross the track at public crossing.

10. **Trial ☞260(8)—Refusal of charges covered by charges given not ground for reversal.**

Under Code 1907, § 5364, as amended by Acts 1915, p. 815, refusal of charges declaring or attempting to declare principle of law, fairly and substantially covered by court's oral charge and other written charges given at appellant's request, is not ground for reversal.

11. **Railroads ☞401(8) — Trial ☞251(8) — Charges as to duty of pedestrian approaching or on track held properly refused as misleading, and because of no plea of contributory negligence.**

Requested charges, in death action, that one who cannot hear well must take greater precaution to discover approaching trains before going on, or while standing or walking on, railroad track, and that defendant railroad's agents had right to presume that no one would go on track in position of danger without stopping, looking, and listening for approaching train, held properly refused as calculated to mislead, and because there was no plea of initial contributory negligence.

12. **Trial ☞295(1) — Enough that general charge, considered as whole, fairly stated law applicable to all issues.**

It is enough that the general oral charge, considered as a whole, stated fairly and substantially the law applicable to all the issues.

Appeal from Circuit Court, Lamar County; R. L. Blanton, Judge.

Action under the Homicide Act by R. B. Dennis, as administrator, against the St.

---

Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

These charges were refused to defendant:

(1) Unless you are reasonably satisfied from the evidence that plaintiff was injured as a result of négligence of the engineman after discovering plaintiff on the track, you must find for the defendant.

(8) Unless you are reasonably satisfied from the evidence that the engineer knew that the crossing was used at that time of day with great frequency and in large numbers you cannot find for the plaintiff under count 2.

(9) It is the duty of one who cannot hear well to take greater precautions about discovering approaching trains before going upon a railroad track, or while standing or walking thereon, than is required of one who had good hearing.

(10) The defendant's agents had the right to presume that no one would go upon the track in a position of danger without stopping, looking, and listening for an approaching train.

(18) The enginemen were under no duty to keep a lookout for persons walking on the track.

(24) Unless you are reasonably satisfied from the evidence that Mr. Dennis was struck on the road crossing, you cannot find for the plaintiff under count 2 charging wanton injury.

(31) The court charges you that, if you are reasonably satisfied from the evidence that Mr. Dennis was struck while walking down the track before he got to the road crossing, you cannot find for the plaintiff on account of any frequency of the use of said track.

(32) The court charges you to disregard the evidence relating to the frequency of the use of the railroad track east of the crossing.

Bankhead & Bankhead, of Jasper, for appellant.

Mere frequent use of the crossing is not sufficient to impute knowledge that some person was likely to be on the track at the time. M. & C. v. Martin, 117 Ala. 385, 23 So. 231. In the absence of knowledge of deceased's peril, or the existing conditions at the crossing, the engineer could not be guilty of wanton negligence. Peters v. Sou. Ry., , 135 Ala. 537, 33 So. 332; L. & N. v. Heidtmueller, 206 Ala. 29, 89 So. 191. The fact that persons have become accustomed to use a railroad track to walk upon does not change the duty of the railroad to such persons. Glass v. M. & C., 94 Ala. 586, 10 So. 215. One who is injured in consequence of being negligently on a railroad track cannot recover, except for gross negligence on the part of employees of the railroad company. L. & N. v. Mitchell, 134 Ala. 267, 32 So. 735. A person lingering or walking along a railroad track where he has no right to go is a trespasser. B. R., L. & P. Co. v. Jones, 153 Ala. 157, 45 So. 177. The trial court should refrain from indicating his views on the effect of the evidence by the manner or matter of his charge. Lamar v. King, 168 Ala. 285, 53 So. 279. A count alleging the locus in quo at or near the point is bad on demurrer. B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361. Train operatives have the right to assume a person on the track will get off, until it becomes apparent that he will not. Central of Georgia v. Foshee, 125 Ala. 199, 27 So. 1006.

W. F. Finch, of Jasper, for appellee.

The question of wantonness was one for the jury. Sou. Ry. v. Stewart, 179 Ala. 304, 60 So. 927; L. & N. v. Morse, 202 Ala. 671, 81 So. 627; B. S. R. Co. v. Harrison, 203 Ala. 284, 82 So. 534; Miles v. Hines, 205 Ala. 83, 87 So. 837; Payne v. Roy, 206 Ala. 432, 90 So. 605; A. G. S. v. Snodgrass, 201 Ala. 653, 79 So. 125; Haley v. K. C., M. & B., 113 Ala. 640, 21 So. 357; H. A. & B. v. Robbins, 124 Ala. 113, 27 So. 422, 82 Am. St. Rep. 153; B. R., L. & P. Co. v. Jones, 153 Ala. 157, 45 So. 177; N. A. Ry. v. McGough, 209 Ala. 435, 96 So. 569; Sou. Ry. v. Shipp, 169 Ala. 327, 53 So..150; N. A. Ry. v. Guttery, 189 Ala. 604, 66 So. 580. Whether the operatives saw deceased on the track, and were negligent after discovery, was a question for the jury. L. & N. v. Calvert, 172 Ala. 597, 55' So. 812; C. of G. v. Ellison, 199 Ala. 571, 75 So. 159; L. & N. v. Phillips, 202 Ala. 502, 80 So. 790; L. & N. v. Johnson, 204 Ala. 150, 85 So. 372; Sou. Ry. v. Forrister, 158 Ala. 477, 48 So. 69; Sou. Ry. v. Hyde, 164 Ala. 162, 51 So. 368. The trial court, in his oral charge, does not invade the jury's province by stating the contentions of the parties. 38 Cyc. 1651, 1675; L. & N. v. Britton, 149 Ala. 552, 43 So. 108; Hawes v. State, 88 Ala. 37, 7 So. 302; Milligan v. State, 208 Ala. 223, 94 So. 169. The trial court loses jurisdiction after appeal. McLaughlin v. Beyer, 181 Ala. 427, 61 So. 62; Sherman v. State, 15 Ala. App. 175, 72 So. 755.

MILLER, J. This suit was brought by R. B. Dennis, as administrator of the estate of Benjamin Dennis, deceased, against the St. Louis & San Francisco Railway Company, to recover damages for killing Benjamin Dennis, under the Homicide Act (Code 1907, § 5696), which occurred about November 10, 1921. The jury returned a verdict in favor of the plaintiff, and, from a judgment thereon by the court, the defendant prosecutes this appeal.

[1, 2] This cause was submitted to the jury on two counts, numbered 2 and 4: The former charged wanton negligence, and the latter subsequent negligence, and the only plea to these counts was general issue. Demurrers to count 2, the wanton count, were overruled by the court, and this action of the court is assigned as error. This count alleges the defendant was operating a railroad, with trains propelled by locomotives thereon, through Beaverton, Lamar county, Ala., and its servants, agents, or employés, in charge or control of a train on the track at

or near Beaverton, while acting within the line and scope of their authority as such, "wantonly caused or allowed the said train or locomotive to strike plaintiff's said intestate * * * while he was on or near the said railroad .track, thereby causing his death." It charges he was wantonly struck "while on or near" the said railroad track. Each alternative "on or near" was sufficient under the direct charge that it was wantonly done. It does not attempt to set forth the facts showing the wanton misconduct; but alleges it wantonly struck him, while he was "on or near" the track, which is sufficient under our system of pleading. It was not necessary under this wanton charge to allege that he was "dangerously near" the track to make this alternative averment—"near the track," sufficient. It appears from the averments that he was near enough the track to be wantonly struck by the train or locomotive, which clearly shows he was dangerously near it when the count is construed as a whole. He was wantonly struck, and it is immaterial whether he was on or near the track at the time. Each alternative averment, "while on or near" the track, in connection with the other charges in this count, states a cause of action for wanton injury causing death of decedent by being struck by the train or locomotive; and the court did not err in overruling the demurrers of the defendant to it. This count alleges the injury was wantonly inflicted, which this court has held could be done. Birmingham R. L. & P. Co. v. Nicholas, 181 Ala. 491, 511, 61 So. 361; Barbour v. Shebor, 177 Ala. 304, 58 So. 276; A. G. S. R. R. Co. v. Burgess, 114 Ala. 587, 22 So. 169.

The deceased was about 86 years of age; he was deaf. Under the evidence of the plaintiff he could hear and understand when spoken to in an ordinary tone of voice, and under the defendant's evidence he could hear and understand when spoken to in a "pretty loud" tone.

Beaverton, a station of the defendant's, was an incorporated town with 7 or 8 stores; a road used frequently by the public crossed the track of the defendant in this town, about 130 to 150 yards east of the station. There was a path commencing at this crossing which ran up the track east of the crossing for about 200 feet, and thence off of the track to a'pasture, swamp, and creek, which 'had been used 'prior to this injury, from 2 to 5 years, by the general public, in going to and from the pasture for and with cattle, going to and from the creek for swimming and fishing purposes. This engineer had been operating engines over this track at this place for 11 years, and the fireman had been assisting for 4 or 5 years. The train that killed the deceased was a freight train with 44 cars; it was daylight —in the afternoon. It was running at the rate of 30 or 35 or 40 miles an hour, on down grade, at the time of the injury; and it was at the time running from the east in a westerly direction. The track was straight for 3 miles east of this crossing. The evidence of the plaintiff tended to show the deceased was struck by the engine while on this road, while crossing the track, and his blood and different parts of his body were found between the middle of this road crossing and west thereof toward the station; that no bell was rung before the injury, and no whistle was blown until just as the deceased was struck, and the speed of the train at the time was from 35 to 40 miles an hour, and it was not checked until after the injury. The evidence of the defendant tended to show: That its engineer saw the deceased coming toward the track east of this crossing when the engine was 250 or 300 feet away. Deceased came up on the track about 12 feet in front of the engine and 40 or 50 feet east of this road crossing. The bell was rung and continued to ring and the alarm whistle blown and continued to be blown, and the emergency brakes were applied as soon as he saw deceased coming toward the track. The train was stopped as soon as possible, which was within 1,600 feet, that the speed of the train was about 30 miles an hour, and all that was known to skillful engineers was done to prevent the injury after deceased started toward the track.

Another part of the evidence of the plaintiff tended to show that deceased was down at this creek fishing, and was returning home, went this path to the railroad track, thence commencing to walk on the track between the rails in this path at a point about 200 feet from the road crossing, and walked in the path on the track to this crossing, and then turned to get off of the track and follow the road, when he was struck by the engine; that the track between him and the engine was straight for 3 miles, and, while he was walking this path on this track for about 200 feet, the bell was not rung and the whistle was not blown; but the alarm whistle was blown just as the engine struck him, and the servants of the defendant were looking toward the deceased, and could have seen him walking 200 feet on the track in front of the engine before it reached him at or near this road crossing.

[3] There was evidence tending to prove the wanton count (No. 2) and the subsequent negligence count (No. 4) of the complaint; and the court did not err in refusing to give the general affirmative charge, with hypothesis, requested by defendant in its favor as to these counts. The evidence was in clear conflict on the allegations of these counts, and the court properly submitted them to the jury under the general issue. McMillan v. Aiken, 205 Ala. 35, 88 So. 135, headnotes 9–11; Southern Ry. Co. v. Stewart, 179 Ala.,

308, 60 So. 927; Grauer v. A. G. S. R. R. Co., 209 Ala. 569, 96 So. 915.

[4] The court in its oral charge stated to the jury the contentions and theories of the plaintiff and defendant from the evidence—in this, it committed no error. The trial court has the right to bring the tendencies of the evidence of each party as to the issue to the attention of the jury. Hawes v. State, 88 Ala. 37, 7 So. 302, headnote 17; Milligan v. State, 208 Ala. 223, 94 So. 169; section 5362, Code 1907.

[5] The motion for new trial was presented to and filed with the trial court on March 11, 1924, and it was overruled by the court on March 14, 1924. The judgment in this cause was rendered on the verdict on February 18, 1924, and the defendant filed, on March 10, 1924, its appeal and supersedeas bond from this judgment with the clerk, and it was approved by the clerk on March 10, 1924. This motion for new trial was presented and filed after this appeal bond was approved, and we cannot review the ruling of the trial court on it. The defendant, by filing and having approved the appeal bond on the 10th day of March, 1924, removed the case from the trial court into this court, and, when the motion for new trial was filed on March 11, 1924, this case was then on appeal in this court, and the trial court, by this act of the defendant, had no jurisdiction of this motion for new trial. Allen v. Allen, 80 Ala. 154; McLaughlin v. Beyer, 181 Ala. 427, 61 So. 62, headnote 2.

[6-8] This court, in Southern Ry. Co. v. Stewart, 179 Ala. 309, 60 So. 927, declared the following rule, which is applicable to the tendency of some of the evidence in this cause:

"The principle of these cases is that, where a person is injured at a point on the railroad track or the right of way adjacent thereto, in or very near a populous city, town, or village, where the company has by silent acquiescence permitted the free use of its way by the public and this use is open, notorious, habitual, and long continued by a large or considerable number of people, so that, at the time and place of the injury, the presence of some one was likely and reasonably to be expected by the company's servants, then evidence of these facts is relevant, and may be sufficient, to show that the failure of the servants in charge of a train or car to keep a lookout, or to give warning signals of its approach, was wanton negligence, for the injurious consequences of which even a trespasser may maintain an action. Of course, the notoriety and duration of the public use are important only as tending to charge the company's servants with knowledge of the conditions specified, in the absence of direct proof that they have actual knowledge. The rule on this subject is stated in M. & C. R. R. Co. v. Martin, 117 Ala. 367, 385, 23 So. 231."

From this rule it appears the court properly refused written charges numbered 8, 18, 24, 31, and 32, requested by the defendant. It was for the jury to decide from the conflicting evidence and its tendencies whether the defendant was guilty of wanton negligence in injuring the deceased while he was walking in this path between the rails of the track; and the court properly left it for the jury to decide whether the defendant's servants knew at the time of the injury of the general public's use of this path. Under the conflicting evidence, it was for the jury to decide whether the defendant was guilty of wanton negligence in injuring the deceased, if he was injured while crossing the track at the public crossing, or if he was injured while walking the path between the rails toward the crossing. Southern Ry. Co. v. Stewart, 179 Ala. 309, 60 So. 927.

[9] Charge No. 1 was properly refused by the court. It ignores the evidence tending to show the deceased was wantonly injured by defendant's servants while attempting to cross the track at this public road crossing.

[10] The principle of law declared, or attempted to be declared, in written charges numbered 11, 12, 15, 16, 17, 19, 27, 28, and 29, requested by the defendant, and refused by the court were fairly and substantially covered by the oral charge of the court, and the written charges given by the court at the request of the defendant. Section 5364, Code 1907, as amended Acts 1915, p. 815.

[11] Written charges 9 and 10, requested by the defendant, were properly refused by the court for these and probably other reasons, because they were calculated to mislead the jury, and there was no plea of initial contributory negligence in the case.

[12] The general oral charge of the court, when considered as a whole, stated fairly and substantially the law of the case as applicable to all the issues before the jury, and we find no error therein. Beaty v. Palmer, 196 Ala. 67, 71 So. 422, headnote 20; Alabama Power Co. v. Hines, 207 Ala. 346, 92 So. 611; Martin v. Manning, 207 Ala. 360, 92 So. 659, headnote 2.

We find no error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.