140 So. 885

## JOHNSON BROS. v. STORRS–SCHAEFER CO.

### 4 Div. 806.

Court of Appeals of Alabama.
April 5, 1932.

A. G. Seay, of Troy, for appellant.

Wilkerson & Brannen, of Troy, for appellee.

**SAMFORD, J.**

The dealings between plaintiff and defendant covered a period of several years, as was evidenced by the ledger sheets introduced by both parties. The claim of plaintiff was that the defendant had been given credit for one item of $150 through an error or mistake, and that this erroneous credit entered into the account on final settlement of defendant's account with the firm. This was the only item claimed by the plaintiff, and all of the testimony of plaintiff was confined to this issue. The defendant admitted a final settlement of the account with plaintiff according to statements furnished by plaintiff, but denied that the balancing of the account had been brought about by the erroneous entry of $150, but that the account had been paid regardless of the item claimed by plaintiff. The court in its oral charge narrowed the issue to the item of $150, and instructed the jury that, if they found for the plaintiff, their verdict would be for $150, plus interest, and that, if the $150 had not been included in the settlement, they must find for the defendant. This was in effect stating to the jury the contention of the respective parties which under our rulings the court may do, without charging upon the effect of the evidence. St. Louis, etc., R. Co. v. Dennis, 212 Ala. 590, 103 So. 894.

The only exception reserved to the court's oral charge was as follows: "The defendant objects to that part of the court's oral charge as follows: No, I will say that amount of $150.00, together with the interest at the rate of 8% upon it from the date that it was due down to the present time." This excerpt is entirely too fragmentary to place this court in position to pass upon the question sought to be raised. When taken and considered with the whole charge there is no error.

The second assignment of error is as follows: "The court below erred in that it severally and seperately overruled all appellant's objections to appellee's questions."

When we turn to page 44 of the record, we find one general exception to the ruling of the court on all questions passed upon by the court regarding objections made to questions

contained in interrogatories. Such an assignment does not point out the errors complained of with sufficient clearness or precision. Jones v. Adkins, 151 Ala. 316; 44 So. 53; Southern Hardware & Sup. Co. v. Standard Equip. Co., 165 Ala. 582, 51 So. 789; Farmers' Mut. Ins. Ass'n v. Tankersley, 13 Ala. App. 524, 69 So. 410.

We find no error in the record, and the judgment is affirmed.

Affirmed.