197 So. 94

**WILLIAM E. HARDEN, Inc., v. HARDEN.**

**4 Div. 563.**

Court of Appeals of Alabama.

May 21, 1940.

Rehearing Denied June 25, 1940.

A. L. Patterson, of Phenix City, for appellee.

Roy L. Smith, of Phenix City, and Henry Pease, of Columbus, Ga., for appellant.

414

SIMPSON, Judge.

Appellee brought suit against appellant, to recover damages to person and property alleged to have been sustained by him as the proximate result of the negligent operation of an automobile, owned by the defendant corporation and being driven by one Cleve Howard along and over a public street of Phenix City, Alabama, on or about the 29th day of December 1938.

It was alleged in the complaint that Cleve Howard was, at the time and place specified, the agent, servant or employee, of the defendant corporation, and acting within the line and scope of his authority or employment.

The complaint contains two counts, one charging simple negligence, and the other charging wanton, or wilful and intentional negligence. Insofar as the pleadings are concerned, the case was submitted to the jury upon the complaint and defendant's pleas of the general issue, and the general issue in short by consent, etc. The jury returned a verdict for plaintiff for the sum of $250 damages, and in accordance therewith the court pronounced and entered judgment against defendant for said sum, together with costs of suit.

The defendant filed its motion for a new trial, which was overruled, and here brings its appeal from the final judgment, and from the judgment of the lower court upon the motion for a new trial.

There are six assignments of error upon the record, in the first of which appellant challenges the correctness of the judgment of the lower court in overruling defendant's demurrer to the complaint.

■ It has long been a settled rule of pleading in this State, that an averment, that a specified injury was inflicted by reason of the negligence of the defendant, is a good and sufficient charge of simple negligence; and, that a specified injury was sustained as the proximate result of the wanton, or wilful and intentional negligence of the defendant is a good and sufficient charge of wanton negligence, and this without setting forth the facts showing the wanton misconduct. On the other hand, when the pleader attempts to set out the facts, or quo modo, of the negligence charged, then these facts must in law constitute in the first instance a case of simple negligence, and in the second, a case of wanton or wilful negligence. Jinright v. Archer, 16 Ala.App. 450, 78 So. 713; Taxicab & Touring Car Co. v. Cabiness, 9 Ala. App. 549, 63 So. 774; J. C. Byram & Co. v. Livingston, 225 Ala. 442, 143 So. 461; St. Louis & S. F. R. Co. v. Dennis, 212 Ala. 590, 103 So. 894; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469.

■■ Count 1 of plaintiff's complaint states a good and sufficient case of simple negligence. Plaintiff's undisputed testimony shows that he sustained actual damages equalling, or exceeding the sum of $250, the amount of the verdict returned by the jury in favor of the plaintiff, and which verdict was, therefore, responsive to count 1 of the complaint. If it be conceded that count 2 of the complaint was bad, and that the defendant's demurrer thereto should have been sustained, still the trial court's error, if such it be, in overruling the demurrer was harmless and the judgment appealed from should be affirmed. Morrison v. Clark, 196 Ala. 670, 72 So. 305.

It is made to appear, from a careful reading of the evidence, that the disputed point upon trial was, whether or not the said Cleve Howard, driver of the defendant's car, was, at the time of the collision, acting as its agent and in the line and scope of his authority. We are, therefore, of the opinion from the entire record that the defendant was not injuriously affected in his substantial rights by the overruling of the demurrers to the count seeking to charge wanton or willful injury. Morrison v. Clark, supra; American Bankers' Ins. Co. v. O'Neal, 25 Ala.App. 559, 150 So. 562.

Under the second and fourth assignments of error, appellant complains because the trial court refused to charge the jury to return a verdict in its favor.

■ The well established rule of law, applicable to these assignments of error, is, that where the evidence is in conflict, or

where conflicting inferences may reasonably be drawn from the evidence, or where the evidence contains conflicting tendencies, then a jury question is presented, and the general affirmative charge cannot be given, nor a verdict directed. Among the cases in point are: Jefferson County B. & L. Ass'n v. Weaver, 25 Ala.App. 189, 143 So. 193; Ode Grimes v. State, 24 Ala.App. 378, 135 So. 652; Williams v. John C. Webb & Sons, 235 Ala. 433, 179 So. 528, 529, 530; McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

■■ On the trial of this case below it was clearly established that the brakes on the Ford Model A Coupe automobile, being driven by Cleve Howard, were defective and that because of these defective brakes the collision between said Ford Coupe and plaintiff's automobile, then being driven by plaintiff, occurred. At the time and place of this collision Cleve Howard was driving said Ford 'Coupe along and over a public street of the City of Phenix City, Alabama. The public streets of the various cities of this State are a part of the public highway system of this State. Section 1397(88), Ala.Code (Michie's) 1928, provides that "every motor vehicle when operated upon a highway [of this State] shall be equipped with brakes adequate to control the movement of and to stop and to hold such vehicle." Under the evidence in this case said Ford, Model A Coupe automobile, a motor vehicle, was being driven by Cleve Howard, at the time and place specified in the complaint, in violation of the above Statute. This was negligence per se. Stewart v. Smith, 16 Ala.App. 461, 78 So. 724; Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471.

It was also established by the evidence, that the said Ford Coupe automobile, driven by said 'Cleve Howard, onto or against plaintiff's automobile, was, at the time of the collision, owned by the defendant.

■ In the case of Craft v. Koonce, 237 Ala. 552, 187 So. 730, 731, the Supreme Court said: "When the automobile, which is involved in an accident, is shown to belong to defendants at the time it was being operated, the law will raise an administrative presumption that the person who was then operating it was doing so as the agent of defendants, and in the line and scope of his authority."

■ With reference to the administrative presumption arising from proof of the ownership of an automobile, involved in an accident, the Supreme Court, in the case of Tullis v. Blue, 216 Ala. 577, 114 So. 185, 187, said: "They are not in themselves evidence, and in practice their effect is merely to impose upon the defendant the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment. If the evidence thereon is in conflict, or leads to doubtful inference only, the issue should go to the jury."

■ The court has read and given attentive consideration to all of the testimony set out in this record, and finds there is no testimony showing the kind or character of business in which William E. Harden, Incorporated, was engaged at the time of the automobile collision described in the complaint, or prior thereto; that said testimony does not show the powers said corporation was authorized to exercise; that said testimony does show, without dispute and beyond controversy, that William E. Harden, Incorporated, owned the Ford, Model A Coupe automobile at the time it was run onto or against plaintiff's automobile by 'Cleve Howard, as set out in plaintiff's complaint.

It would unduly extend this opinion, and besides it is unnecessary, and could serve no good purpose, to set out and discuss all of the testimony introduced upon the trial of this case in the court below. Suffice it to say, that it appears, and this court finds the fact to be, that said testimony is in conflict and that some of it shows, or tends to show, that at the time and place described in the complaint, 'Cleve Howard was the servant, or employee, of the defendant, and that he was then and there acting in the line and scope of his authority or employment, viz., driving the automobile of said corporation under instructions, either expressed or implied, from its president. We further find the fact to be that some of the testimony shows, or tends to show, that Cleve Howard was not the servant, or employee of defendant, and that he was driving the defendant's said automobile without permission or authority from it, or from anyone acting for it, at the time and place of the described collision. It is, therefore very clear, that, under the law governing the giving of the affirmative charge; or directing a verdict, the trial court did not err either in refusing to give the general affirmative charge, or in refusing to direct a

verdict, in favor of defendant. The issues involved were clearly for the determination of the jury.

Appellant's third assignment of error is predicated upon the refusal of the trial court to grant the motion for a new trial. The motion alleged that the verdict was contrary to the law; that it was contrary to the evidence; that it was not sustained by the great preponderance of the evidence, and that the court erred in refusing to give the affirmative charge in favor of the defendant as requested by him in writing.

The main insistence made by counsel for appellant with reference to this assignment of error is that the trial court refused to give the affirmative charge for the defendant. We have already pointed out that because of the conflict in the testimony, its tendencies and reasonable inferences, it would have been improper for the court to give said charge. To what we have already said with respect to this question, we may add that it is further an established rule that in determining the correctness of a trial court's refusal to give affirmative instructions for a defendant the entire evidence must be viewed in its most favorable aspect for the plaintiff. Aiken v. McMillan, 213 Ala. 494, 106 So. 150.

It is neither the province, nor duty, of this court to say what witness, or witnesses, was, or were, telling the truth, or to be believed, when they testified. This was the exclusive province of the jury. The jury had full and ample opportunity to observe the appearance and demeanor of these witnesses as they testified; the exhibition of interest or bias, if any, on the part of any or all of these witnesses; whether or not there was any evasion or want of candor; whether there was any manifestation of ill will, or hatred, upon the part of any of them, etc. After hearing all of the testimony of the witnesses, and the general oral charge of the court, which was full, ample, clear and correct, and which clearly defined the issues in the case, and under what state of facts the defendant would be liable for the negligent conduct of Cleve Howard, as its agent, servant, or employee, said jury returned a verdict in favor of the plaintiff in the moderate sum of $250 as damages. This verdict the trial court refused to set aside, or disturb, on the motion for a new trial. This court cannot, and should not, under the applicable rules of law, say that the trial court erred in overruling and denying defendant's motion for a new trial. Cobb v. Malone & Collins, 92 Ala. 630, 631, 9 So. 738; Corona Coal Co. et al. v. Sexton, 21 Ala.App. 51, 105 So. 716; Worley v. State, 28 Ala.App. 486, 188 So. 75.

Appellant in its assignments of error 5 and 6 complains of the ruling of the court in the admission of certain testimony. The testimony objected to was clearly admissible as part of the res gestae of the described collision between the two automobiles involved. Cases in point are: Shipp v. Davis, 25 Ala.App. 104, 141 So. 366; Pollard v. Rogers, 234 Ala. 92, 173 So. 881; Southern Amusement Corporation v. Summers, 23 Ala.App. 595, 129 So. 489; Illinois Cent. R. Co. v. Lowery, 184 Ala. 443, 63 So. 952, 49 L.R.A.,N.S., 449.

Moreover, it must be said that the rule obtains in the appellate courts of this State, that an assignment of error which does not succinctly point out the error complained of with sufficient clearness and precision will not be considered on appeal. Assignments of error 5 and 6 do not comply with this rule. Farmers' Mutual Ins. Ass'n v. Tankersley, 13 Ala.App. 324, 69 So. 410; Jones v. Adkins, 151 Ala. 316, 44 So. 53; Hale et al v. Cox, 222 Ala. 136, 131 So. 233; Johnson Bros. v. Storrs-Schaefer Co., 25 Ala.App. 78, 140 So. 885.

We find no reversible error in this case, the judgment appealed from is therefore affirmed.

Affirmed.

## On Rehearing.

PER CURIAM.

Upon the original submission of this case, this court gave a careful and extended consideration to each and every assignment of error properly presented, and the foregoing opinion pronounced and rendered clearly and correctly expresses the judgment of this court upon said assignment of errors.

It was necessary for us, under the assignment of errors, to consider all of the testimony set out in the bill of exceptions, and after a due consideration of that testimony we found and adjudged that there was a material and direct conflict between the testimony of the plaintiff and that of the defendant upon the trial of the case in the court below with respect to certain vital issues of fact and that because of said conflict in the testimony the trial court did not err in refusing to direct a verdict in

favor of the defendant, nor was there error in overruling and denying defendant's motion for a new trial. This court adheres to its opinion and judgment pronounced and entered on May 21, 1940, and we find nothing in the cases cited by appellant on application for rehearing that is in conflict with our judgment and opinion, supra, when said cases are properly considered and correctly applied.

Application for rehearing overruled.