## IN RE FRANCIS.

CORPORATIONS—ISSUANCE OF NEW STOCK CERTIFICATE TO REPLACE ONE LOST ON FILING BOND.

On an application by a stockholder to require a corporation to issue a new certificate of stock in lieu of a lost certificate, *held*, that the corporation should issue a new certificate on applicant's filing a bond conditioned to indemnify any person who shall hereafter appear to be the lawful owner of the stock.

(<em>May</em> 19, 1919.)

RICE and HEISEL, J. J., sitting.
*Leonard E. Wales* for petitioner.
*Pierce Cann* for defendant.
Superior Court for New Castle County, May Term, 1919.

RULE No. 131, May Term, 1919.

In the matter of the application of Nathaniel L. Francis for an order requiring the Elliott-Fisher Company to show cause why it should not issue a new certificate of stock in place of one lost. New certificate ordered issued.

Nathaniel L. Francis preferred a petition to the court for an order requiring the Elliott-Fisher Company to show cause why it should not issue a new certificate of stock in place of one lost, averring in said petition:

The name of the corporation is Elliott-Fisher Company; the number of the certificate, as your petitioner is informed by the secretary of the

corporation, is 9, and the date thereof is in the month of March, 1913. The number of shares of stock named therein is 590, all common stock, and the said shares were issued to your petitioner in the name of N. L. Francis, during the month of March, 1913, as your petitioner believes.

The said certificate has been lost, your petitioner, having to the best of his memory and belief, had it with him upon a train going from New York to Boston some time during the year 1915, and he has been unable to find said certificate since, although he has made a careful and thorough search in every place where the said certificate is likely to be. Your petitioner had not indorsed the said certificate, nor had he sold, hypothecated, transferred, assigned, or delivered the same.

Said corporation has refused to issue a new certificate in place of the one heretofore issued by it, and alleged to have been lost.

The petitioner is informed by the secretary of the said corporation, Charles L. De Gaugue, that the market value of the common stock of the Elliott-Fisher Company is about twelve dollars a share, although sales are very infrequent and said stock has never paid a dividend.

The petitioner resides at University Club, Fifty-Fourth street, in the borough of Manhattan, city, county and state of New York; that the principal office of the said corporation is in the city of Wilmington, county of New Castle and state of Delaware.

And he prayed, for an order requiring Elliott-Fisher Company, within such time as shall be therein designated, to issue and deliver to the petitioner a new certificate of 590 shares of the common capital stock of said corporation, the certificate for which has been lost, and in such order to direct your petitioner to file such bond, in such form and with such security as to the court shall appear sufficient, to indemnify any person who shall thereafter appear to be the lawful owner of such certificate. Dated, April 5, 1919.

Nathaniel L. Francis was sworn as a witness and testified to the facts contained in the petition.

Whereupon the court made the following order:

And now, to wit this nineteenth day of May, A. D. 1919, the petition of Nathaniel L. Francis for an order requiring Elliott-Fisher Company, a corporation of the state of Delaware, to show cause why it should not issue a new certificate of stock in place of one alleged to have been lost, having been filed in this court on the fifth day of May, A. D. 1919, and a rule issued thereon requiring the Elliott-Fisher Company to appear on the twelfth day of May, A. D. 1919, and show cause, if any, why it should not issue a new certificate of stock in place of the one lost, the petitioner and respondent appearing by counsel, and the rule coming on to be heard, after hearing the proofs and allegations in behalf of the parties in interest, and it appearing to the satisfaction of the court that the petitioner, Nathaniel L. Francis, is the lawful owner of 590 shares of the common capital stock of

said Elliott-Fisher Company and that the certificate therefor has been lost and cannot be found, and no sufficient cause having been shown why a new certificate should not be issued in place thereof, and it further appearing that the value of said common capital stock of said Elliott-Fisher Company does not exceed twelve dollars per share, the said rule to show cause is hereby made absolute, and

It is ordered that the said Elliott-Fisher Company shall, on or before the thirty-first day of May, A. D. 1919, issue and deliver to the petitioner, Nathaniel L. Francis, a new certificate for 590 shares of the common capital stock of said corporation, in lieu and in place of the certificate for a like number of shares owned by the petitioner and proved to have been lost.

It is further ordered that the petitioner, Nathaniel L. Francis, shall within five days from the date hereof file a bond with the said Elliott-Fisher Company in the penal sum of fifteen thousand dollars with the American Surety Company of New York, a corporation under the laws of the state of New York, as surety, conditioned to indemnify any person who shall hereafter appear to be the lawful owner of such certificate stated to be lost.

It is further ordered that Nathaniel L. Francis, the petitioner, pay the costs in this proceeding amounting to the sum of thirteen dollars and thirty-two cents.

HERBERT L. RICE, J.<br>T. B. HEISEL, J.