## MILLER v. PENWELL et al.

No. 13555—Opinion Filed Sept. 22, 1925.

### Evidence—Presumptions—Delivery of Registered Mail.

Where a registered letter, containing a notice authorized by law to be served by registered mail, is properly mailed and transmitted to the post office address of the person to be notified and is there received and delivered by the postmaster to a person who signs the return receipt as agent of the addressee, the presumption arises that the person so receiving said registered letter and signing said return receipt is in fact the agent of the addressee, and that such registered letter was in fact delivered to such addressee by such agent.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by Kirk S. Miller against Durwood H. Penwell, A. S. J. Shaw, as Secretary to the Commissioners of the Land Office, and George H. Frampton, as Sheriff of Comanche County, to enjoin execution of writ of possession based on a forfeiture proceeding had by the Commissioners of the Land Office against the plaintiff. Judgment for defendants, and plaintiff brings error. Affirmed.

Stuart, Sharp & Cruce, E. E. Blake, A. T. Boys, and W. C. Stevens, for plaintiff in error.

George E. Merritt, for defendants in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendants, as they were designated in the trial court.

On the 23rd day of November, 1920, and for a number of years prior thereto, the plaintiff in error was in possession of a quarter section of land in Comanche county, Okla., under what is known as a preference right lease, and being in default of the annual rentals due the state for a period of more than three months, an order was made by the commissioners of the Land Office of the State of Oklahoma, directing that notice be given to said plaintiff that if such delinquency was not paid within 30 days from the service of such notice, that the Commissioners of the Land Office would declare the lease forfeited. Pursuant to this order a notice was prepared as required by section 9384, C. O. S. 1921, advising the plaintiff of the amounts due the state upon said lease and that unless such delinquency was paid within 30 days from the service of such notice, the Commissioners of the Land Office would declare said lease forfeited to the state of Oklahoma. This notice was signed by the then Governor of the state of Oklahoma, as chairman of the Commissioners of the Land Office, and attested by the secretary to said commissioners, and transmitted to the plaintiff by registered mail to his post office at Lawton, Okla., and said registered letter was received at the plaintiff's post office at Lawton, Okla., on the 3rd day of December, 1920, and delivered to Henry D. Miller, who signed the return card as agent for the plaintiff. The plaintiff did not pay the delinquent rentals, and on the 11th day of January, 1921, the Commissioners of the Land Office declared said lease forfeited to the state.

Afterwards, the Commissioners of the

Land Office advertised said lands and improvements thereon for sale and lease as provided by law, and sold said improvements and executed a lease upon the lands to the defendant Durwood H. Penwell. The plaintiff having refused to surrender possession of said lands, on the 29th day of March, 1921, the Commissioners of the Land Office made an order under the provisions of section 9333, C. O. S. 1921, which, in effect, directed the defendant George H. Frampton, as sheriff of Comanche county, to dispossess the plaintiff.

On the 20th day of April, 1921, the plaintiff commenced this action in the district court against the defendants, and in his petition set up the facts above recited, and alleged that the order forfeiting said lease to the state of Oklahoma, of January 11, 1921, was and is void, for the reason that the record and proceedings of the Commissioners of the Land Office of the state of Oklahoma show upon their face that no notice was served upon him as required by law, in that it affirmatively appears from said record that the said Henry D. Miller, as agent of the plaintiff, received said notice. There is no allegation that the said Henry D. Miller was not the agent of the plaintiff for the purpose of receiving said registered notice from the post office, and no allegation of the lack of actual knowledge on the part of the plaintiff of the proceedings before the Commissioners of the Land Office with reference to the cancellation of said lease. The relief demanded is that the defendants be enjoined from interfering with the plaintiff's possession of said land, especially that the sheriff of Comanche county be enjoined from executing said order.

The defendants demurred to the petition upon the grounds that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, and also moved to dissolve the temporary injunction which had been granted by the county judge of said county upon the grounds that the petition did not state facts sufficient to warrant the court in granting said temporary injunction. Upon a hearing in the district court, the demurrer was sustained, the temporary injunction dissolved, and the case dismissed, and the plaintiff has perfected his appeal to this court, and relies for a reversal here upon one proposition, namely, that, it appearing upon the face of the proceedings before the Commissioners of the Land Office that the registered notice was delivered to Henry D. Miller and not to the plaintiff, such notice was insufficient to give the commissioners jurisdiction to make this order of forfeiture. Of course, if this order was void, all the subsequent orders were void. Section 9384, supra, provides:

"If the lessee of any of the lands enumerated herein shall be in default of the annual rental due the state for a period of three months, the Commissioners of the Land Office shall cause notice to be given such delinquent lessee, that if such delinquency is not paid within 30 days from the service of such notice, his lease will be declared, at their option, forfeited to the state by the Commissioners of the Land Office. If the amounts due are not paid within 30 days from the date of the service of such notice, the said lease shall be declared forfeited and the land therein described shall revert to the state, the same as though such lease had never been made. The order making such forfeiture shall be spread upon the records of the Commissioners of the Land Office. The service of the notice herein contemplated shall be by registered letter; in case the post office address of the owner of such lease be unknown, the notice herein contemplated shall be published in two consecutive issues of some weekly newspaper published in or of general circulation in the county where the land is situate."

It will be observed that this section provides that the Commissioners of the Land Office shall cause notice to be given such delinquent lessee and that such notice shall be made by registered letter if the post office address of the lessee is known; that if the address of the lessee be unknown such notice shall be given by publication.

The contention made by the plaintiff is that the delivery of this notice to Henry D. Miller by the postmaster was no notice upon the plaintiff whatever, and he cites a number of cases holding, in effect, that service of summons or other process must be made upon the defendant in the proceedings in order to give the court jurisdiction. That this is the general rule with reference to the service of process, there can be no question, but the section of the statute under consideration provides that the service shall be made by registered letter, and its requirements are fully complied with when the notice contemplated is enclosed in an envelope, properly addressed to the person to be notified, and deposited in the United States post office, with the postage and registration fees prepaid. The law presumes that a letter properly addressed and mailed reaches its destination.

The regulations of the postal department of the government as to general registered mail are universally understood. Such reg-

ulations require that such registered letter be delivered to the addressee or any responsible person to whom the addressee's ordinary mail is customarily delivered, and in the absence of anything to the contrary, adult members of the addressee's family and his employes are considered responsible persons.

"As to registered mail, there is a presumption that it was delivered and that the person who signed the receipt therefor had the authority so to do." 22 C. J. 92, sec. 36; Farmers Mutual Insurance Co. of Alabama v. Tankersley (Ala.) 69 South. 410.

"If a letter is sent by post, it is presumed from the known course of that department of the public service, that it reached its destination at the regular time, and was received by the person to whom it was addressed." I. Greenleaf on Evidence, sec. 40; Jones, Commentaries on Evidence, sec. 42.

"When a letter is sent by mail, properly addressed, the presumption of its receipt by the party to whom it is addressed arises, and this prima facie presumption of delivery remains until overcome by contradictory evidence." Reeves & Co. v. Martin, 20 Okla. 558, 94 Pac. 1058.

The contention that the registered letter containing the notice, in order to constitute service upon the plaintiff in this case, must have been delivered by the postal department to the plaintiff personally cannot be sustained. In the absence of any allegation to the contrary, the presumption is that the officers of the department did their duty; that the registered letter containing the notice was delivered to a person authorized by the departmental regulations to receive it for and in behalf of the plaintiff, and that the plaintiff received it from the person so authorized to receipt for it at the post office.

We are of the opinion that there was no error in sustaining the demurrer to the plaintiff's petition and dissolving the temporary injunction and dismissing the case, and the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. p. 97 § 36.