THOMAS B. SMITH,

*vs.*

UNIVERSAL SERVICE MOTORS COMPANY, a corporation of the State of Delaware.

*New Castle, Sept. 27, 1929.*

*Caleb S. Layton*, for complainant.

*Charles F. Richards*, for defendant.

THE CHANCELLOR. The status of stockholder in a corporation is not dependent on the issuance to him of a certificate of stock. The certificate is only an evidence of ownership—a muniment of title. Though not an essential prerequisite to the fact of ownership, a certificate of stock, like all muniments of title, is a valuable paper, the possession of which evidences in permanent form the stockholder's ownership with its incidents of rights and facilitates its sale and transfer. So important is the right to a certificate of stock that the statute under which the defendant was incorporated provides in *Section* 15 thereof (*Revised Code* 1915, § 1929) that "every stockholder shall have a certificate * * * signed * * * certifying the number of shares owned by him in such corporation."

It is admitted that the complainant is a stockholder to the extent of the one thousand shares in question. He is therefore entitled to have a certificate certifying to that fact. This too is conceded.

But the defendant insists that under the facts of this case the complainant before he can have a certificate must give an indemnity bond as required by the by-law quoted in the foregoing statement of facts.

*Sections* 69 and 70 of the *General Corporation Law* (*Revised Code* 1915, §§ 1983, 1984) deal with the subject of lost certificates and provide one remedy that holders of such certificates may pursue in order to secure new certificates. The defendant however does not make the point by way of defense that the complainant has failed to bring his case within those sections of the statute. If the defendant had rested on the statute, I conceive it would be out of court, for the reason that the sections apply only to lost certificates which had been "theretofore issued" by the corporation. Under the facts shown in this case a certificate for the thousand shares has never been issued to the complainant. Delivery, either actual or constructive, is essential before a certificate can be said to have been issued. This is stated generally as the rule in 14 *C. J.* 484. The filling in of the certificate and the due execution thereof are but motions in the direction of its issuance. The stock may be outstanding in the absence of a certificate evidencing the fact. But until the certificate, made up in due form, not only passes from the custody and control of the defendant but also is delivered into the possession of the stockholder, or of some person as agent for him, it would be against reason to say that it had been issued.

In this case, the defendant's custom was to deliver its certificates to the stockholders in person. It did not rely on the mails. No delivery was ever made to the complainant or to any one for him. There was then no issuance of the certificate to the complainant by the defendant, and so the provisions of the statute are not applicable.

I need not perhaps have indulged in the above observations concerning the non-applicability of the statute to this situation,

because the defendant's answer does not invite a consideration of the statute.

The answer relies on the by-law. But the by-law is by its plain terms likewise inapplicable. Its language at the very outset shows its inapplicability. It is—"Any person claiming a certificate of stock to be lost or destroyed, etc." The complainant has never made any claim of that kind. His claim is that he has never been permitted, in the language of *Section* 15 of the act "to have" a certificate for the one thousand shares. The defendant is the one who sets up a claim of loss. The complainant knows nothing of such loss. How could he obey the by-law and swear to the fact of loss or destruction?

If the paper that was in course of issuance became lost or destroyed, it was not the complainant's fault. Never having had it, its safe keeping was not his responsibility. He should not be required to indemnify the defendant against its own carelessness.

Decree for the complainant with costs.