E. CLEMENS HORST CO. *v.* GRAND RAPIDS BREWING CO.

1. Appeal and Error—Finding of Court—Corporations—Author-
ity to Make Contracts.
    Finding of trial court, sitting without a jury, that plaintiff seller
    failed to prove authority on part of person, purporting to sign
    order for purchase of hops for defendant brewery corporation,
    to bind defendant in making the alleged contract *held*, sus-
    tained by record.

2. Estoppel—Ratification—Notice.
    Action or inaction cannot work estoppel or be held to constitute
    ratification unless the party sought to be charged with es-
    toppel or ratification had knowledge of attendant facts which
    give rise to estoppel or ratification.

3. Contracts—Estoppel—Evidence.
    Receipt of registered letter of confirmation of order for hops
    and other registered letters relative to alleged contract by
    various persons not shown to have had any authority whatever
    to bind defendant brewery corporation at that time as to such
    purchase *held*, insufficient to sustain plaintiff's burden of proof
    that defendant had knowledge of such correspondence so as
    to be estopped to deny liability for breach of contract.

4. Evidence—Presumptions—Return Receipt Card.
    Presumption arising from a return receipt card signed by one
    purporting to be the addressee's agent may be strengthened,
    weakened, or overcome by proof of attendant pertinent cir-
    cumstances.

5. Contracts—Corporations—Evidence Overcoming Presumption
of Knowledge as Basis for Estoppel.
    Presumption that defendant addressee of registered letters and
    telegrams had knowledge of correspondence and was, therefore,
    estopped to deny liability for breach of alleged contract for
    purchase of hops, which arose because persons who signed, as
    agents of such addressee, return receipt cards, were its agents
    *held*, overcome by uncontradicted testimony of defendant's
    president and general manager that he first knew of alleged
    contract after hops arrived in city in which brewery was
    located and defendant had no office in city to which mail and
    telegrams were addressed, by bad faith on part of plaintiff's
    broker agent and person purporting to sign order for defend-
    ant in original execution of contract and by other circum-
    stances.

6. SAME—EVIDENCE—ESTOPPEL—RATIFICATION.

Record in action for breach of alleged contract for purchase of hops *held*, insufficient to support recovery by plaintiff from defendant brewery either on theory of estoppel or ratification, especially in view of plaintiff's inability to obtain communication from any one with authority to obligate defendant and bad faith of plaintiff's broker agent who effected sale to person who had no authority to act for defendant in the matter.

7. CORPORATIONS—CONTRACTS—PRINCIPAL AND AGENT—NOTICE—INVESTIGATION OF AUTHORITY TO BIND CORPORATE PURCHASER.

Vendor of hops who brought suit for breach of alleged contract by defendant corporation for purchase of hops *held*, not entitled to recover on theory of estoppel where it did not use reasonable care in ascertaining the truth as to the genuineness of the order before making shipment and incurring loss under circumstances ample to require investigation by prudent person in plaintiff's position as to authority of person, through whom broker sold hops, to bind defendant corporation.

8. TRIAL—REOPENING PROOFS—DISCRETION OF COURT.

Refusal of trial court to re-open proofs, substantially a month after hearing case without a jury, to admit testimony showing ratification of acts of defendant's employee as to purchase of equipment for brewery, in plaintiff's action for breach of contract to purchase hops *held*, proper where such order was a discretionary matter, trial court heard and saw witnesses and no controversy existed as to such employee's authority as to construction work then being carried on and admission of such testimony would not have altered outcome anyway.

9. APPEAL AND ERROR—ADMISSION OF HEARSAY TESTIMONY.

Admission of hearsay testimony in trial without a jury *held*, not ground for reversal where it did not materially affect decision of case.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted January 19, 1937. (Docket No. 73, Calendar No. 39,305.) Decided May 21, 1937.

Action by E. Clemens Horst Company, a New Jersey corporation, against Grand Rapids Brewing Company, a Michigan corporation, for damages for breach of an alleged contract. Judgment for defendant. Plaintiff appeals. Affirmed.

*Joseph T. Riley, Brobeck, Phleger & Harrison, Shields, Ballard, Jennings & Taber (Moses Lasky,* of counsel), for plaintiff.

*Warner, Norcross & Judd (Walter K. Schmidt, Jr.,* of counsel), for defendant.

North, J.  In this suit, tried in the circuit court without a jury, plaintiff, a New Jersey corporation, with its principal office in San Francisco, California, seeks to recover from the defendant, a Michigan corporation, damages in excess of $8,000 for an alleged breach of contract by the terms of which plaintiff claims defendant purchased on December 18, 1934, 250 bales of hops at an agreed price for delivery on or before June 1, 1935.  On May 31, 1935, plaintiff shipped the hops to Muskegon, Michigan, with sight drafts for the purchase price attached to the bills of lading.  Defendant refused to accept the shipment or to honor the drafts, but instead disclaimed any liability under the alleged contract.  Thereafter, in accordance with a provision in the contract, plaintiff caused the hops to be resold at a substantial loss and brought this suit.  The trial court found in favor of the defendant, entered judgment accordingly, and plaintiff has appealed.

One Howard Cranfill, a hops broker, acted in behalf of plaintiff in securing the order or contract upon which plaintiff relies.  It was prepared on one of plaintiff's standard forms, and as to the vendee was signed, "Grand Rapids Brewing Co., per George G. Goldberg, Sec.-Treasurer."  The order contained the following provision:

"This agreement is subject to telegraphic or other written confirmation sent by the 'seller' to the 'buyer' on or before five (5) business days from date hereof."

On December 22d plaintiff confirmed the order by telegraphing Mr. Goldberg at Detroit, where the contract was negotiated, and also by registered letter addressed to the defendant at Muskegon, Michigan. The return receipt shows the letter was received December 27, 1934, at Grand Rapids, Michigan, by M. Van Vleet, who signed the receipt as agent for the addressee. On February 8, 1935, plaintiff, by letter addressed to the Grand Rapids Brewing Company at Muskegon, sought directions as to when shipment should be made. Mr. Goldberg replied from Detroit that he was not able to give definite shipping date. Inquiries by mail on May 8th and 22d brought no reply from defendant. The letter of May 22d, registered and addressed to defendant at Muskegon, was receipted for at Muskegon, Michigan, by George Heinrich, who signed as addressee's agent. On May 24th plaintiff wired to defendant at Muskegon threatening to make immediate shipment unless telegraphic instructions were received to defer same. In reply, Goldberg wired: "Hold shipment until you are notified by me," signing the telegram "Geo. G. Goldberg." Plaintiff immediately wired back demanding that the request to hold shipment be made by either the defendant or by George G. Goldberg as secretary and treasurer for the defendant. A registered letter dated May 25th, confirming these several telegrams, was mailed by plaintiff to defendant at Muskegon and to Geo. S. Goldberg at Detroit. This letter to defendant was also receipted for by George Heinrich, as addressee's agent. Goldberg's wife receipted for the duplicate registered letter addressed to her husband at Detroit. Again on May 27th plaintiff wired Goldberg concerning shipments and mailed duplicate let-

ters of confirmation to Goldberg at Detroit and to defendant at Muskegon.   Goldberg replied by wire:

"Not ready for shipment.   Will wire about tenth June.
                    "(Signed)   George G. Goldberg."

Plaintiff again wired defendant that it would not delay shipment unless defendant or Goldberg as secretary and treasurer of the Grand Rapids Brewing Company sent the request for deferred shipment. The record does not show whether this message was delivered to defendant or Goldberg or to either of them.   Shipment of the hops followed.

The defense urged is that Goldberg had no authority to give this order or make the contract relied upon by plaintiff, it being defendant's contention that Goldberg was neither an officer nor director of the company, nor an agent authorized to bind it in the manner alleged by plaintiff.   There is testimony that plaintiff's broker induced Goldberg to sign the contract by a proposal which in substance was that in event the price of hops advanced they would sell the hops at a profit, but if the market declined the order would be cancelled.   The trial court who saw and heard the witnesses found that plaintiff failed to prove authority on the part of Goldberg to bind the defendant company in the making of the alleged contract.   The record sustains this finding.

But plaintiff urges that defendant's failure to disavow Goldberg's authority after defendant was advised by plaintiff of its receipt of the purported order estops defendant from now asserting such lack of authority.

We quote the following from the plaintiff's brief:

"We have already pointed out the defendant's striking failure to offer any.evidence that it did not

receive the letter of December 22d, or that Van Vleet was not its employee. This failure seems intentional considering that defendant went out of its way to offer evidence concerning Heinrich, who had receipted for two letters of far less significance. The conclusion that defendant received this letter is imperative. \* \* \*

"We submit that a party may not be permitted to refrain from writing a reply until it ascertains whether the contract will be to its advantage or to its disadvantage. \* \* \*

"Where a person, having no authority to do so, purports to act as agent for another in dealing with a third person, his assumed principal must disaffirm the act within a reasonable time *after learning of it.* If he is silent *after he has obtained knowledge,* that silence may operate as ratification. Ratification does not require circumstances affirmatively showing an intention to ratify, 'but results from application of a rule of law that affirmative repudiation is necessary to disaffirmance.' (*Sullivan* v. *Bennett,* 261 Mich. 232 [87 A. L. R. 791].)"

From the above quoted portion of appellant's brief it is apparent that it recognizes the sound provision of the law that action or inaction cannot work estoppel or be held to constitute ratification unless the party sought to be charged with estoppel or ratification had knowledge of attendant facts which give rise to estoppel or ratification. The weakness of plaintiff's case is that notwithstanding defendant by its pleadings expressly denied the authority of Goldberg upon the agency of whom plaintiff primarily relies, and expressly denied liability on the contract which plaintiff alleges, plaintiff in the trial of the case failed to establish the agency of Goldberg, and also, as we view the record, has failed to establish knowledge on the part of defendant of facts or circumstances in consequence of which defendant

can be found liable on the ground of estoppel or ratification. In other words, plaintiff has failed to establish by testimony that is at all convincing that Van Vleet, who according to the return receipt was the person to whom plaintiff's registered letter of confirmation was delivered, had any authority whatever at that time to represent or act for defendant in any capacity. There is no showing that this letter of confirmation or its contents ever came to the knowledge of the defendant company or of any person authorized to represent it as an officer or agent. Without knowledge on the part of defendant of this letter, its receipt by Van Vleet could not constitute a ground of estoppel or of confirmation by which defendant would be bound.

Again, as to the registered letters which were delivered to and receipted for by George Heinrich, the testimony convincingly shows that Heinrich then had no authority to act in any capacity for defendant. Instead he was an employee of the contractor who was doing construction work on the brewery buildings. The burden of establishing that defendant had knowledge of these registered letters sent by plaintiff but receipted for by someone other than defendant, was upon plaintiff. Neither of the parties who receipted for such letters was produced as a witness. It is not sufficient for plaintiff to criticize defendant for not having produced them. The presumption arising from a return receipt card signed by one purporting to be the addressee's agent may be strengthened, weakened, or overcome by proof of attendant pertinent circumstances. In the instant case plaintiff's registered letter of December 22, 1934, confirming the order upon which plaintiff relies, was addressed to Muskegon, Michigan; but at that time the Grand Rapids Brewing

Company did not have an office in Muskegon. The president and general manager of defendant company, G. A. Kusterer, testified that he first learned of the alleged contract after the shipment of hops arrived in Muskegon. This testimony was not contradicted. These and other circumstances disclosed by the record are in conflict with the presumption that Van Vleet, who signed for the registered letter of December 22d, was an agent of the addressee and that defendant received the letter. Evidently the trial judge found against the plaintiff on this issue.

The burden of making its case was upon plaintiff; and the issues framed by the pleadings clearly disclosed that plaintiff could not succeed except it offered testimony by which the alleged contract was established or testimony of facts and circumstances by which defendant would be bound either on the theory of estoppel or ratification. Our view of the record satisfies us that plaintiff did not establish its right to recover on either theory.

In reaching this conclusion we have not overlooked the testimony showing telegrams sent by plaintiff to defendant; but the record is barren of testimony showing defendant's receipt of these messages. There were also unregistered letters noted above. But plaintiff was reasonably advised by the return receipt of the December 22d registered letter that defendant did not receive mail addressed to Muskegon, but instead the receipt was from Grand Rapids. The fact that mail addressed to defendant in Muskegon was forwarded to Grand Rapids and the further fact that at no time did plaintiff receive a reply to its numerous messages which purported to be signed by an officer or director of the company, was ample warning to have put plaintiff on inquiry as to actual receipt of its communications by defendant. In addition to the above Mr. Cranfill, through

whom plaintiff received this order, testified as follows:

"I recall writing a letter to Mr. Taylor of E. Clemens Horst Company, dated May 25, 1935, in which I said that I had been to Muskegon three times but I had not been able to contact Mr. Goldberg and I did not think it advisable to ship hops without their confirmation.  *  *  *  I had not been able to contact officers of the Grand Rapids Brewing Company. I could never find anybody that knew where anybody was. I was up there three times altogether on my trips in that section at the city of Muskegon but I could never see anybody in authority at the plant. I never attempted to contact the office of the Grand Rapids Brewing Company in Grand Rapids. I did not know until after the hops had been shipped that the principal office of the Grand Rapids Brewing Company was in the city of Grand Rapids. I did not know what corporation owned the brewery building in Muskegon. I did not know it was owned by the Brewery Holding Company (instead of the Grand Rapids Brewing Company)."

On May 25, 1935, plaintiff's sales manager, Mr. Taylor, wrote to Mr. Cranfill, its broker, as follows:

"We cannot understand why Mr. George G. Goldberg, when wiring us on the 24th instant did not sign his wire as secretary-treasurer for the Grand Rapids Brewing Company instead of as an individual  *  *  *  We have not yet heard from the brewery."

At the trial of the case Mr. Taylor, a witness for plaintiff, testified:

"We addressed our letters to the Grand Rapids Brewing Company and Mr. Goldberg answered them."

It is also true that all replies by wire prior to shipment received by plaintiff came from Goldberg. The presumption of receipt of mail addressed by plain-

tiff to defendant is overcome by the testimony of the bad faith on the part of plaintiff's broker agent and Goldberg in the original execution of the order and also by testimony showing receipt of plaintiff's communications by others than the defendant to whom they were addressed.

Moreover, plaintiff cannot recover on the theory of estoppel in the instant case because it appears from the testimony that it was guilty of failure to exercise reasonable care in ascertaining the truth as to the genuineness of the order before making shipment. Prior to shipment plaintiff became possessed of knowledge which was ample to prompt investigation by a good faith vendor. Despite repeated efforts plaintiff was unable to obtain any sort of acknowledgment of the transaction from an officer of the defendant company. The undisputed testimony is that at no time was Goldberg an officer or director of the defendant company or otherwise authorized to bind it by a contract of the character here in suit. The public records of Michigan corporations were easily available to plaintiff and from this source plaintiff, if it had seen fit, could have easily advised itself of the personnel of defendant's officers. In fact plaintiff in April, 1935, did obtain a Dun & Bradstreet commercial report by which it was advised who the persons were that were identified with the business of the Grand Rapids Brewing Company. While this report gave plaintiff some information concerning Goldberg, it in no way indicated that he was an officer or director of the defendant company or an agent having authority to bind the defendant company in the manner alleged by plaintiff. Notwithstanding all this information, plaintiff subsequently made the shipment and subjected itself to damages for which it now seeks to recover. Under

the circumstances plaintiff cannot recover on the theory of estoppel. *American Trust Co.* v. *Bergstein,* 246 Mich. 527; *Northern Michigan Lumber Co.* v. *Lyon,* 95 Mich. 584; *Maxwell* v. *Bay City Bridge Co.,* 41 Mich. 453.

Because he had the advantage of seeing and hearing the witnesses at the trial, we quote from the opinion of the circuit judge:

"I am satisfied that Goldberg intercepted the few communications which he did not receipt for or that they were otherwise kept from the attention of any person authorized to bind the defendant company. I am further satisfied that Cranfill induced Goldberg to sign the order for the hops in order that speculation could be carried on and that when the time came for shipment Goldberg made every effort to conceal the transaction from anyone in authority in defendant corporation. Goldberg's conduct throughout the transaction is evidence of the fact that he did not represent defendant corporation and wished that the fact that he had signed the order be kept from its attention. * * *

"Outside of the alleged representations made by Goldberg to the contrary, the proof is undisputed that he was an employee of the Brewery Holding Company, not of the Grand Rapids Brewing Company at the time of the signing of the contract. The numerous efforts made by plaintiff to induce Goldberg to affix the title 'secretary & treasurer' to his communications is evidence of the fact that it knew, or should have known had it exercised ordinary care and caution, that Goldberg was not in a position to bind defendant. Goldberg's repeated refusal to sign communications in the desired official capacity should have been ample warning to plaintiff that shipping the hops under such circumstances would likely result in difficulties. Slight effort directed in the right direction would have enabled plaintiff to learn of the true situation."

Appellant complains of the refusal of the trial court to re-open the proofs substantially a month after the hearing. The application for re-opening the case was based upon a showing that after the trial plaintiff's counsel had learned of three instances in which Goldberg between December, 1934, and June, 1935, had purchased equipment, evidently for the completion of the brewery then being constructed and equipped in Muskegon by the Brewery Holding Company. The affidavit sets up that materials so purchased were paid for by the Grand Rapids Brewing Company. There is no controversy in the record, nor was there at the time of the trial, that Goldberg in some capacity represented the Brewery Holding Company in the construction work which it was at this time carrying on in Muskegon. But regardless of all this, in view of the finding of the circuit judge just above noted, the admission of this additional testimony could not have altered the outcome of the case. It was within the discretion of the trial court to deny the motion for taking further testimony.

Appellant also makes complaint about the admission of hearsay testimony. The trial of the instant case was without a jury. We are satisfied that the admission of this testimony did not materially affect decision herein. It is therefore not a ground for reversal.

The judgment entered in the circuit court is affirmed, with costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.