194 A.2d 863 (1963)
William Axer GRAHAM, Plaintiff,
v.
COMMERCIAL CREDIT COMPANY, a Delaware corporation, Defendant.
Court of Chancery of Delaware, New Castle.
November 6, 1963.
*864 Thomas J. Healy, Jr. of Metten, Healy & Collins, Wilmington, and Eli Frank, Jr. of Frank, Bernstein, Gutberlet & Conaway, Baltimore, Md., for plaintiff.
Robert H. Richards, Jr. and Stephen E. Hamilton, Jr., of Richards, Layton & Finger, Wilmington, for defendant.
SHORT, Vice Chancellor.
This is an action to compel defendant to issue and deliver to plaintiff certificates for 11,600 shares of defendant's common stock to which plaintiff became entitled by reason of a stock split. The case is before the court on cross motions of the parties for summary judgment based upon the pleadings and an agreed statement of facts. It appears that on May 1, 1961 defendant's transfer agent mailed to the plaintiff certificates for 11,600 shares of defendant's common stock representing the split shares to which plaintiff was entitled. The envelope containing these certificates was addressed to the plaintiff at his residence in Baltimore, Maryland as the same appeared on the stock records of the corporation. It was sent by registered mail and delivered to the residence of the plaintiff on May 4, 1961. On that date plaintiff was absent from his residence and in California. Delivery of the envelope containing the certificates was accepted by one of two maids in plaintiff's household neither of whom had been given any instructions by plaintiff as to the receipt of registered mail addressed to plaintiff. Nor had plaintiff given any instructions to defendant, its transfer agent or the United States postal authorities with respect to the authority or lack of authority of said maids, or either of them, to receipt for registered mail on plaintiff's behalf. The maid who accepted delivery of the envelope containing the certificates receipted for the same in her name. She then gave the envelope to the other maid, "who placed it in a basket with the rest of plaintiff's mail in plaintiff's bedroom." Upon plaintiff's return to his home he was unable to find the stock certificates and diligent search failed to produce them. Thereafter plaintiff informed defendant's transfer agent that the certificates were missing and requested the issuance of new certificates representing the 11,600 shares. Defendant refused to issue duplicate certificates unless plaintiff complied with the provisions of defendant's by-law providing that in case of loss of a certificate of stock "another may be issued in its place upon * * * the giving of a bond of indemnity."
Plaintiff contends that under the circumstances recited the certificates were never issued to him and that the by-law requirement may not, therefore, be invoked by the defendant. Plaintiff relies principally upon the decision of this court in Smith v. Universal Service Motors Co., 17 Del.Ch. 58, 147 A. 247. In the cited case the stockholder-plaintiff was entitled to receive additional shares of the defendant company as a stock dividend. A certificate for these shares was filled in and executed in the company office but thereafter disappeared. There was no showing of a delivery of the shares to the stockholder or to any one else on his behalf. In these circumstances it was held that the certificates had not been issued and that the stockholder was not required to comply with a by-law relating to lost certificates. The Chancellor said: "Delivery, either actual or constructive, is essential before a certificate can be said to have been issued * * *. [U]ntil the certificate, made up in due form, not only passes from the custody and control of the defendant but also is delivered into the possession of the stockholder, or of some person as agent for him, it would be against reason to say that it had been issued."
*865 The parties do not agree as to the primary issue which is here presented for the court's determination. Defendant contends that the sole issue is whether or not plaintiff obtained possession of the certificates. It urges that under the decisional law plaintiff came into possession at least when the envelope containing the certificates was "placed in the basket with the rest of the plaintiff's mail in plaintiff's bedroom." Defendant cites the following cases, Regina v. Hayward, 1 C. & K. 518, 174 Eng.Rep. 919; Regina v. Reed, Dears, C.C. 257, 169 Eng.Rep. 717; Commonwealth v. Ryan, 155 Mass. 523, 30 N.E. 364, 15 L.R.A. 317; Warmoth v. Commonwealth, 81 Ky. 133; Washington v. State, 106 Ala. 58, 17 So. 546. To these it would seem appropriate to add Nolan v. State, 213 Md. 298, 131 A.2d 851, where the Maryland court said: "Goods which have reached their destination are constructively in the owner's possession although he may not yet have touched them." It is to be observed that all of the cases so cited deal with the question of possession in criminal cases where the issue has been whether the crime charged constituted larceny or embezzlement. None of them deal primarily with the question of agency which plaintiff contends is the real issue to be here determined. I shall proceed to consider the issue which plaintiff claims is raised.
Plaintiff argues that the maid who accepted and receipted for delivery of the registered mail containing the stock certificates was without authority, either express or implied, to do so. It is difficult to follow plaintiff's reasoning under this argument. True, neither of the maids in his household had express authority to accept and receipt for registered mail. But housemaids are domestic servants whose duties are to serve the needs of the master's household. Jack v. Belin's Estate, 149 Pa.Super. 531, 27 A.2d 455. They work within the master's house for the upkeep thereof and for the care, comfort and convenience of its occupants. Wiseman v. Phipps, 176 Misc. 964, 28 N.Y.S.2d 971. If servants of this kind do not have the authority, as a necessary incident of their employment, to accept and receipt for delivery of parcels and mail, either ordinary or registered, it is difficult to see what needs of the household they serve. Certainly the convenience of the occupants requires the exercise of such duties by persons in that employment. This is particularly so in the absence of the master and other occupants from the household. If plaintiff's contention were adopted it would necessarily follow that any tradesman, messenger, delivery service or the sender of mail matter would make delivery to other than the master at his peril in case property or mail so delivered should thereafter be lost in the master's household. Dependent, of course, upon circumstances, I doubt that such is the law. Custom and the relation of the parties, master and housemaid, may well dictate to the contrary. Nor am I impressed by the argument that authority of a house servant is limited according to the value of the article or property which is offered for delivery. In any event, I do not consider that plaintiff has met the burden of proof which is here cast upon him.
Though the courts in this state have never specifically ruled or commented on the point, it would seem to be a rule of universal application that mail which is properly addressed and posted with postage prepaid is presumed to be duly received by the addressee. 31 C.J.S. Evidence § 136, p. 777. It has been held that where a registered letter is properly mailed and transmitted to the address of the person to whom the letter is addressed, and is there delivered by the postal authority to a person who signs the return receipt as agent of the addressee, the presumption arises that the person so receiving and signing for the registered mail is in fact the agent of the addressee. Miller v. Penwell, 112 Okl. 163, 239 P. 651; Farmers' Mut. Ins. Ass'n. v. Tankersley, 13 Ala.App. 524, 69 So. 410. This presumption may be strengthened, weakened or overcome by proof of attendant pertinent circumstances. E. *866 Clemens Horst Co. v. Grand Rapids Brewing Co., 280 Mich. 49, 273 N.W. 388.
In Nemo v. Local Joint Executive Board, 227 Minn. 263, 35 N.W.2d 337, notice of a hearing addressed to the relator-union was sent by registered mail. The return receipt was signed for the union by a purported agent. In answer to the contention that no proper notice had been served the Supreme Court of Minnesota said: "In the absence of proof to the contrary, it is presumed that mail properly addressed and posted, with postage prepaid, is duly received by the addressee. * * * In addition to the presumption of delivery in this case, we have the return receipt purporting to have been signed by an agent of relator. If the purported agent who signed the receipt was not in fact such agent, it was incumbent upon relator to offer proof of that fact. In the absence of proof to the contrary, the presumption of delivery must prevail."
In the present case there is a presumption from the fact of due mailing that the registered parcel was received by plaintiff. Whether or not this is overcome by the statement that plaintiff has never personally received or seen the same it is not necessary to decide for the parcel was received and signed for on plaintiff's behalf by his maid.[*] The further presumption is therefore raised that the person signing the receipt was in fact the agent of plaintiff. Except that it is agreed that plaintiff had given neither of his maids any express instructions as to her authority to receive and receipt for registered mail, plaintiff has offered no proof of lack of authority. Not only then has plaintiff failed to meet his burden of proof, but the presumption of authority of the maid is strengthened by the placing of the mail parcel in the basket in plaintiff's bedroom. Under the facts here shown the certificates which plaintiff seeks to have replaced were duly issued to him. Since they disappeared after delivery to his agent, they are lost certificates within the meaning of § 167, Title 8, Del.C. and defendant's by-law.
Plaintiff complains that defendant has not treated its stockholders equally in replacing certificates which were not received. It appears that certificates of a value of less than $100,000 were sent by regular mail and replaced without bond when they were not received. As defendant observes, where the certificates were sent by regular mail there ordinarily would be no proof that they were received at the stockholder's address. Here the registered parcel admittedly was received at plaintiff's address.
Plaintiff contends that the certificates should have been sent by that form of registered mail which requires the personal receipt of the addressee. I can see no merit in this contention as the certificates admittedly were delivered at plaintiff's house and placed in the basket with his other mail.
Plaintiff claims also that there is no substantial risk of loss to the defendant and that the expense incident to the furnishing of a lost instrument bond is so great as to outweigh the possible risk. The short answer to this is that whether or not a lost instrument bond may be required is within the discretion of management of the defendant corporation. With this discretion the court can not interfere. Mastellone v. Argo Oil Corp., 7 Terry 102, 82 A.2d 379.
Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted.
Order on notice.
NOTES
[*] I attribute no significance to the fact that the receipt was signed by the maid "in her own name and not in the name of plaintiff." It is clear that the maid intended to sign on plaintiff's behalf as the parcel was placed in the basket in plaintiff's bedroom with his other mail.