**Jane M. SCOTT, Plaintiff,**

v.

**AMETEK, INC., a Delaware corporation, Defendant.**

Court of Chancery of Delaware, New Castle.

April 29, 1971.

William S. Potter and E. Dickinson Griffenberg, Jr., of Potter Anderson & Corroon, Wilmington, for plaintiff.

Irving Morris and Joseph A. Rosenthal, of Cohen, Morris & Rosenthal, Wilmington, for defendant.

DUFFY, Chancellor.

This action was brought by Jane M. Scott (plaintiff) to compel Ametek, Inc. (defendant) a Delaware corporation, to issue to her certificates for its common stock. Ametek has moved to dismiss the complaint on the ground that the Court of Chancery does not have subject matter jurisdiction because plaintiff has an adequate remedy at law.[1]

A.

Ametek stock is listed on the New York Stock Exchange. Plaintiff alleges that on May 1, 1969 she was the record owner of 8,000 Ametek shares. On October 19, 1970 she discovered that her certificates were missing and she so notified defendant. When Ametek told her that shares were no longer registered in her name, she brought this action, alleging that she has "never authorized any sale, transfer or other disposition of her 8,000 shares." Ametek has filed an affidavit to the effect that: 8,000 of its shares were registered in plaintiff's name and certificates so indicating had been issued; between October 16 and December 5, 1969 those certificates, with stock powers purporting to be signed by plaintiff and with her signatures guaranteed

---

1. 10 Del.C. § 342 provides:
    "The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State."

by a bank or brokerage institution, were presented to its transfer agent; those certificates were cancelled and new ones were issued; 7,900 of such shares were transferred into street name; and "most probably" the transactions were made on the New York Stock Exchange on an arm's length basis.

The single issue raised by the motion is whether plaintiff, as a right of remedy, may seek an order compelling Ametek to issue new certificates to her or whether she is limited to an action at law for money damages.

## B.

█ It has been traditional Delaware law that when a stock certificate has been lost, destroyed or stolen the remedy is an order to issue a new certificate. See, In re Francis, 7 Boyce's 388, 30 Del. 388, 108 A. 31 (1919); Graham v. Commercial Credit Co., 41 Del.Ch. 580, 200 A.2d 828 (1964) aff'g 41 Del.Ch. 355, 194 A.2d 863 (1963), 8 Del.C. § 168; Revised Code 1935, §§ 2102, 2103. That remedy was in the Superior Court until § 168 of the corporation law (Title 8) was amended in 1967, 56 D.L., Ch. 50, and jurisdiction was vested in this Court. The statute, beyond doubt, confers jurisdiction upon the Court of Chancery to order replacement of a lost, stolen or destroyed certificate. Defendant, however, argues that this is not such a case because the certificates were processed through normal Exchange channels and therefore were necessarily presented to the transfer agent by bona fide purchasers for value. In such a situation, says Ametek, the Uniform Commercial Code (UCC) governs and, under it, a claimant is left to an action for damages.

Plaintiff argues that Ametek's affidavit is based entirely on "belief" as to what occurred and that at least some of the certificates presented for cancellation were not submitted by purchasers for value. Be that as it may, I conclude that Ametek's motion must be denied because, by my analysis, the Uniform Commercial Code does not deprive this Court of subject matter jurisdiction.

## C.

In this case the certificates disappeared for reasons not presently in issue. According to the complaint, plaintiff never authorized their sale, transfer or other disposition. A reasonable inference from that allegation is that she never authorized an indorsement of or on them and, therefore, any indorsement was unauthorized. The UCC states the effect of an unauthorized indorsement, 5A Del.C. § 8–311, as follows:

"Unless the owner has ratified an unauthorized indorsement or is otherwise precluded from asserting its ineffectiveness

(a) he may assert its ineffectiveness against the issuer or any purchaser other than a purchaser for value and without notice of adverse claims who has in good faith received a new, reissued or re-registered security on registration of transfer; and

(b) an issuer who registers the transfer of a security upon the unauthorized indorsement is subject to liability for improper registration (Section 8–404)."

As I read this section, if the indorsement is unauthorized then the issuer "is subject to liability" to the owner who "may assert its ineffectiveness" against him. The Delaware Study Comment confirms this view by stating that a good faith purchaser for value will prevail over an owner whose indorsement was unauthorized, but, the owner is given a right to proceed against the issuer.

By its terms in fixing liability, § 311(b) refers to § 8–404 which states the terms of liability and non-liability for registration; paragraph (2) thereof reads:

"Where an issuer has registered a transfer of a security to a person not en-

titled to it the issuer on demand must deliver a like security to the true owner unless

    (a) the registration was pursuant to subsection (1); or

    (b) the owner is precluded from asserting any claim for registering the transfer under subsection (1) of the following section; or

    (c) such delivery would result in overissue, in which case the issuer's liability is governed by Section 8–104."

For present, that is for jurisdictional purposes, this paragraph is significant: when the issuer has registered a transfer to a "person not entitled to it", then that issuer on demand must deliver "a like security." And that is the key language in this paragraph, this section and, indeed, in the decision on the motion. I say this because if a prevailing plaintiff is entitled to an order for "a like security" he must come to Chancery for it. There is no remedy of that sort available at law. And I speak here, of course, only of remedy because that is the determinative question on the present motion. Whether there has been a transfer to a "person not entitled," whether there has been a failure to notify (as required by § 8–405) or whether other estoppel exists are all matters of defense on the merits and may ultimately preclude relief to plaintiff. But the threshold question is one of remedy, only, and assuming a successful plaintiff, there is right to delivery of a like security.

The Delaware Study Comment to § 404 (2) specifically confirms this in its reference to an election of remedies:

"The text of § 8–404(2) expressly recognizes the right of the registered owner of the security to obtain a new security from the issuer in those situations enumerated in § 8–404(2) (a), (b), &

(c). The draftmen's official comments to this section note that the case law has also recognized thé right to elect between an equitable action to compel issue of a new security and an action for damages."

### D.

Ametek argues that when the missing shares are in the hands of a bona fide purchaser, the original owner is not entitled to a duplicate certificate but is left to a claim for damages. Ametek's affidavit does not remove all doubt about all of the missing certificates but, for present purposes, I assume that each was submitted by a bona fide purchaser. However, that does not change the result.

The UCC at § 8–405 provides in part:

"(1) Where a security has been lost, apparently destroyed or wrongfully taken and the owner fails to notify the issuer of that fact within a reasonable time after he has notice of it and the issuer registers a transfer of the security before receiving such a notification, the owner is precluded from asserting against the issuer any claim for registering the transfer under the preceding section or any claim to a new security under this section.

"(2) Where the owner of a security claims that thé security has been lost, destroyed or wrongfully taken, the issuer must issue a new security in place of the original security if the owner

    (a) so requests before the issuer has notice that the security has been acquired by a bona fide purchaser; and

    (b) files with the issuer a sufficient indemnity bond; and

    (c) satisfies any other reasonable requirement imposed by the issuer."

Defendant relies on paragraph (2) of this section and hypothesizes from it that: a corporation must issue a new certificate

only if requested to do so before the original security has been acquired by a bona fide purchaser and, since plaintiff's securities were so acquired before the request was made, it has no duty to issue new securities; therefore plaintiff's only claim is for damages which must be sought at law.

That argument is not persuasive on the jurisdictional issue. I say this because as I read paragraph (1) it provides for or recognizes two different types of claims against an issuer: (1) a "claim for registering the transfer under the *preceding* section," i. e. § 404 and, (2) a "claim to a new security under *this* section" (emphasis added). The allegations here, are based upon wrongful transfer and the relevant sections of the Code do not as a matter of law limit a claim against the issuer to damages when a bona fide purchaser has submitted the original securities. Section 405(1) states certain if not all of the substantive defenses to a claim but it does not limit the nature of the relief when liability for mistaken registration has been established.

It seems to me that this view of the matter is supported by a comparison of the sections. Section 405(2), for example, is broad and includes situations in which a security has been lost or destroyed by an owner's carelessness, and when it has been taken with a proper and bona fide indorsement on it. By comparison § 311 and § 404 are narrow and are based entirely on registration in favor of a person not entitled to it.

Defendant also relies upon the comments by Israels and Guttman in their text, Modern Securities Transfers, particularly those at ¶ 13.09. It is there said that a transfer may have been registered on an unauthorized indorsement before a registered owner discovers his loss and, in such a case, the owner is entitled to damages and not a duplicate security. No analysis of the UCC is made nor do the writers refer to any case or comment. For present purposes I regard it as a view

to be considered after decision on the merits. It is not persuasive as a basis for refusing jurisdiction.

I conclude that subject matter jurisdiction of a claim for delivery of new stock certificates based upon improper indorsement of the original certificates is vested in this Court. Defendant's motion will be denied.